## BERTRAND *vs.* BYRD.

"Due C. P. Bertrand, for cash lent, three hundred dollars," signed R. C. Byrd, and having the word "*seal*" written at the end of the name, with a scrawl around it, is a *sealed* instrument, within the meaning of the *Revised Statutes*.

That provision of law which enacts, that "every instrument of writing, expressed on the face thereof to be sealed, and to which the person executing the same shall affix a scrawl by way of seal, shall be deemed and adjudged to be sealed," is merely declaratory of what the law was before.

DEBT, determined in the Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit

Judges. Bertrand sued Byrd, on an instrument signed by Byrd, in the following words: "Due C. P. Bertrand, for cash lent, three hundred dollars. May 10, 1840. R. C. Byrd;" with the word "*seal*" at the end of Byrd's name, and a scrawl around it. The declaration described the instrument as a *writing obligatory.* Oyer and demurrer sustained, and final judgment for defendant. The case came up by writ of error.

*Fowler*, for the plaintiff.

*Trapnall* and *Pike*, contra.

*By the Court*, RINGO, C. J.

The only question presented for the decision and judgment of this Court, is this: Does the law regard the instrument given on oyer as the foundation of the suit, as being unsealed? If it is sealed, the declaration describes it truly, and the judgment upon the demurrer is wrong; but, if it be not sealed, the judgment is right.

It is precisely such an instrument as was adjudged by this Court, in the case of *Jeffery vs. Underwood*, 1 *Ark. Rep.* 108, to be sealed, and of course a writing obligatory, and is admitted by the defendant; but he insists that the law respecting such instruments has been since changed by the 3*d sec. of Chap.* 30, *Rev. St. Ark.*, which enacts, that "every instrument of writing, expressed on the face thereof to be sealed, and to which the person executing the same shall affix a scrawl, by way of seal, shall be deemed and adjudged to be sealed." The language of *this statute* is affirmative, and merely declaratory of the law as it existed before. It neither establishes a new rule nor abrogates an old one, but makes the rule certain, which was previously controverted, that an instrument in writing, containing on its face any expression that it is sealed, and having a scrawl affixed to it by the obligor or maker, by way of seal, shall be deemed and adjudged to be sealed. This we conceive to be the true meaning and construction of this statutory provision, and such is the effect, literally, of the language used. The common law, as is well known, anciently admitted as a seal nothing but an impression made upon some tenacious substance, but this practice has long since been measurably, if not en-

tirely, disused and supplanted, or superseded, by the practice of affixing a scrawl, by way of seal, to the instrument, after or opposite the signature of the obligor. Now, suppose an instrument in writing was duly sealed in the ancient mode, with an impression made upon some tenacious substance, instead of scrawl, either with or without an expression on the face of the instrument, or in the body of the writing, that it is sealed, would the law consider such instrument as sealed, and attach to it the same consequences and force as if it was executed, in every respect, in strict conformity with the provisions of this statute? We apprehend it would, because such would be their effect under the previous law; and the statute under consideration contains no negative words; and, therefore, according to the rules laid down by the most learned judges and authors for the construction of statutes, the old law, so far as it is not in conflict with the statute, is not thereby abrogated or repealed; and, for these reasons, the Court, in our opinion, erred in adjudging the instrument of which oyer was given, unsealed, and thereupon sustaining the demurrer to the declaration. The instrument has upon its face a scrawl, purporting, and substantially averred, in the declaration, to have been affixed there by Byrd, by way of seal, containing within it the word "seal," distinctly written and expressed; and this, we conceive, places it within the provisions of the statute: but, whether within its provisions or not, it must be regarded as a sealed instrument: and if, in fact, the scrawl was not so affixed by the defendant, it is not binding upon him, and he may well put that fact in issue by an appropriate plea; but, until he does so, it must be adjudged his deed.

Judgment reversed.