## HANLY *vs.* THE REAL ESTATE BANK.

Although a discontinuance as to one defendant is a discontinuance as to all, yet, if the remaining defendant, after the discontinuance, appears, and demurs or pleads, he waives the discontinuance, and can have no advantage of it.

If a note is described in the declaration as bearing date a certain day, and the note filed on oyer has no date, this is a variance fatal on demurrer, although it is a note given to a bank, payable at a certain time after a certain day, and though the cashier is authorized by the note to insert the date.

Where oyer is granted of an instrument by filing it, it becomes a part of the record, without being set out in any pleading.

THIS was an action of debt, determined in the Phillips Circuit Court, in June, 1842, before the Hon. JOHN C. P. TOLLESON, one of the circuit judges. The declaration stated that Hanly, with two others, on the 11th day of March, 1341, made his certain promissory note, " bearing date of the same day and year aforesaid, whereby," &c. The defendant craved oyer, which being granted, he demurred, without setting out the note in his demurrer, for variance, on the ground that the note in fact bore no date. A note is copied in the record, in these words:

" $175. . —— county, —— day ——, 18—.

" Six months after 11th day of March, 1841, we, Gervais Brodnax, as principal, and Thomas B. Hanly and Isaac Bledsoe, as securities, promise, jointly and severally, to pay the Real Estate Bank of the State of Arkansas, &c. (The cashier of said Bank is hereby authorized to insert the time of payment from the day of discount hereof.") Demurrer overruled, discontinuance as to the securities who had been served with process, and judgment for plaintiff. Hanly appealed.

*W. & E. Cummins,* for the appellant. The variance between the instrument described in the declaration and that given on oyer, was fatal: and the court therefore clearly erred in overruling the demurrer. *Vail vs. Lewis & Livingston,* 4 J. R. 450. *Rease et al. vs. Morgan,* 7 J. R. 468. 1 *Ch. Pl.* 307. *Anon.,* 2 *Camp.* 308. *Rocke vs. Campbell,* 3

Hanly *vs.* The Real Estate Bank.

*Camp.* 247. *Exon vs. Russell*, 4 *M. & S.* 505. *Kearney vs. King*, 2 *B. & A.* 301. *S. C.* 1, *Ch.* 28. *Cook vs. Graham's Adm.* 3 *Cranch*, 235. *Little vs. Weston*, 1 *Mass.* 156.

*Pike & Baldwin*, contra. The note, in this case, has become no part of the record. An instrument filed on oyer does not become part of the record, unless incorporated in some pleading. If settled rules of practice are a part of the *law*, which this court will rigidly adhere to, as was held in *Obaugh vs. Finn*, *ante*, then there is no rule of law better settled than this. *Stephen*, 70, 71. 2 *Saund. Pl. & Ev.* 740. 1 *Ch. Pl.* 417, 418. *Ld. Raym.* 1135. *Garrard vs. Early*, 2 *Wils.* 413. 2 *Saund.* 366, *n. Browning vs. Wright*, 2 *B. & P.* 13.

In contemplation of law, the deed, unless denied, is only in court during the term in which it is pleaded, and is afterwards in the custody of the party to whom it belongs. Oyer cannot be demanded at a subsequent term. *Wymark's case*, 5 *Co.* 74, *b.*

Letters of administration are not supposed to continue in court at all. 1 *Ch. Pl.* 419. *Young vs. Pennington*, *Hard.* 156. 1 *T. R.* 139. *Anon.*, 1 *Mod.* 69.

If the note were a part of the record, still there is no variance. If the allegation is, that the defendant drew a bill on such a day, and the date of the bill is different, it is no ground of demurrer, but, if it is alleged that the bill *bore date* a certain day, and it bears a *different* date, it is fatal. *Jones vs. Mars*, 2 *Camp.* 207, *n. Church vs. Feterow*, 2 *Penn. R.* 301. *Stephens vs. Graham*, 7 *Serg. & R.* 507.

Where a bill or note is stated as having been *made* or *drawn* on such a day, without any statement as to its *date*, the court hold it to be intended, that the date of the bill was the day of drawing. *De La Courtier vs. Bellamy*, 2 *Show.* 422. *Hogue vs. French*, 2 *B. & P.* 273. *Giles vs. Bourne*, 6 *M. & S.* 73.

If an instrument bears no date, you may declare on it, as made on a day certain, and proving, upon the trial, that it was made then, is sufficient. *Grannis vs. Clark*, 2 *Cowen*, 39.

The note, in this case, does bear date as alleged. " Six months after the 11th day of March, 1841," should be considered as expressing the date, and the omission of the word "this" is of no importance. The

makers left it to the cashier to insert the date from the day of discount. He did so, and the note was made, *in law*, on the 11th of March, and in fact bears that date.

*By the Court*, Ringo, C. J. In respect to the discontinuance, it has been repeatedly decided by this court, that a discontinuance as to one defendant, who was duy served with process in time to bind him to appear and answer the action, or subject him to the legal consequences of a judgment by default, upon his failure to do so, would operate as a discontinuance of the whole action; and such, we consider, would have been the legal effect, in this case, if the plaintiff in error had relied upon it, and done no act, subsequently, amounting to a waiver of this objection. This he did not do; but, after the discontinuance as to his co-defendant, came voluntarily into court, and entered his appearance to, and defended the action, by praying oyer of the writing sued on, and demurring to the declaration, as he had an unquestionable legal right to do, though he was under no legal obligation whatever, to appear, and no valid judgment could have been given against him, if he had made default. Under these circumstances, he must be regarded as having expressly waived on the record, all objections to the discontinuance, and assented to its proceeding against him alone; and therefore the case, as to him, must be considered as though he had been separately sued, and had voluntarily appeared to the action, without process. Consequently, the court below did not err in proceeding in the cause against him, notwithstanding the discontinuance as to his co-defendant.

The judgment upon the demurrer was, in our opinion, manifestly wrong. The declaration set out, as the foundation of the action, a promissory note, in writing, bearing date on the 11th day of March, 1841. The note given on oyer bears no date whatever, and therefore does not support the action, but shows a distinct cause of action, different from the one sued on; and, as the plaintiff was bound to show, on oyer, the instrument sued on, or one corresponding with the allegations in her declaration, and the variance between the two, that is, between the rate described in the declaration and that of which oyer was given, being speedily assigned as a ground of demurrer. The

law consideres the failure to do so as a fatal defect in the pleading; or, in other words, as a failure, on the part of the plaintiff, to show, legally, any cause of action whatever, against the defendant. And the objection, that it forms no part of the record, because it is not set out in the defendant's pleading, is untenable; because, when the instrument, or a copy of it, is filed, on the granting of oyer, it becomes as much a part of the record as if copied into the pleading; and the party so filing it loses his control over it, and can never afterwards take it from the files without the leave of the court.

Judgment reversed.