FIELD *vs.* POPE.

No evidence allowed but such as relates to the issue before the jury. A variance between the date of the note declared on, and the one offered in evidence, is fatal.

The statutes of this State give to common law courts the same powers, in relation to discovery, that belong to courts of equity ; and make the answer evidence, on the trial, in the same manner as an answer to a bill in equity, for discovery ; and if the party fail to answer, the petition may be read in evidence.

A bill of discovery seeks a disclosure of facts, resting within the knowledge of the defendant, or of deeds, writings, or other things in his custody or power, and seeks no relief, though it may pray a stay of proceedings at law till the discovery be made.

An answer cannot be contradicted but by two witnesses, or by one witness and strong corroborating circumstances.

The discovery is granted upon the principle, that the party cannot prove the thing sought to be discovered, without resort to the conscience of the other party ; and this is the essence of the right.

Evidence, offered to impeach an answer, is correctly excluded, when it does not go to the issue between the parties.

THIS was an action of debt, determined in the Pulaski Circuit Court, in November, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The count of the declaration is in these words : "For that, whereas, on the 15th day of April, 1840, at the county of Pulaski aforesaid, by his certain promissory note, in writing, signed by his hand, by the style of Wm. Field, the date of which is the day and year aforesaid, then here to the Court shown, promised, on or before the first day of July next, to pay P. H. and Hamilton Pope, three hundred and seventy-eight dollars and eighteen and one-fourth cents, with interest thereon from date, for value received." The breach alleges that the defendant did not pay P. H. Pope, (whose survivor Hamilton Pope seems to allege he is ), before his death; nor has he paid the said Hamilton Pope, since. At the appearance term of the writ, the defendant appeared and filed his bill of discovery, as allowed

Field *vs.* Pope.

under the *Practice at Law, Rev. St., sec.* 93 *et seq.* No issue had yet been formed; nevertheless, the Court ordered the plaintiff to answer, and the case was continued. At a subsequent term, the plaintiff answered the petition, admitting an exhibit by the defendant, set forth, but substantially denying the existence of offsets claimed, and of every material allegation. This petition, exhibit, and answer, were read in evidence, and made a part of the record, by bill of exceptions. At the November term, 1842, (at which time the case was tried ), by consent, the defendant entered his plea of payment, in short, on the record; to which plea, the plaintiff entered his replication, in short, on the record, by consent; and here the pleadings stopped. A jury were then called and sworn, to try the issues joined, and returned a verdict that the "said Field is indebted to the said Pope in the sum of $378 18¾ debt, and $58 64 damages;" and thereupon, judgment was rendered. At the trial, the defendant moved to exclude the note sued upon; also, offered a witness to impeach the answer of the plaintiff, and to introduce a letter from the plaintiff; also, offered certain taxbooks, to contradict the answer of the plaintiff. All these motions, the record states, were overruled. The petition and answer were read without objection. The case came up by writ of error.

*Hempstead & Johnson,* for plaintiff in error. A petition for discovery, in a suit at law, is rather an anomalous proceeding; but it is allowed in all cases where the same party would, by the rules of equity, be entitled to a discovery in and of a suit at law.

The same proceedings are had as in equity; the same powers exercised; the answer of the party is evidence to the same extent that it would be in chancery, on a bill of discovery. In fact, the statute embraces all the rules which belong to a discovery in equity, giving the like but no greater effect to the petition and answer. *Rev. St.* 632.

An answer to a bill of discovery must be taken as true, and prevail against the allegations of the bill, unless disproved by two witnesses; or, by one witness, and circumstances warranting a presumption against the truth of the answer. *Walton vs. Hobbs, 2 Atk. Rep.* 19. *Pember vs. Mathers,* 1 *Brown C. R.* 52. *Blake's Ch. Pr.* 119. *Clar-*

Field *vs.* Pope.

*son vs. Morris*, 10 *John. Rep.* 542. *Smith vs. Brush*, 1 *John. Ch. R.* 459. *Hart vs. Ten Eyck.*, 2 *John. Ch. Rep.* 92.

An answer in chancery is only considered as equal to the oath of one witness. *Clarson vs. Morris*, 10 *John. Rep.* 543.

The principle assumed by the Court, in excluding the testimony offered, that the answer to the petition of discovery could not be impeached, cannot be sustained in an ordinary suit, much less in an equity proceeding.

Although, by the rules of evidence, the party calling a witness is not allowed to assail his character for credibility, by *general evidence*, yet, if the witness testify against such party, it is competent to prove that the witness was mistaken in any part of his evidence, by calling other witnesses to rectify the mistake, or to show that, on other occasions, he had related the story in a different manner. *DeLisle vs. Priestman*, 1 *Brown's Rep.* 176. *Norris' Peake*, 198, *note g.* *Steinback vs. Col. Ins. Co.*, 2 *Caine's Rep.* 120. *Webster vs. Lee*, 5 *Mass. Rep.* 334.

If the witness prove facts which make against the party calling him, that party, as well as the other, may call other witnesses to contradict him as to these facts, for they are evidence in the cause, and the other witnesses are not called directly to discredit the first ; but the impeachment of his credibility is incidental and consequential, only. *Norris' Peake*, 198.

The evidence offered was clearly admissible; and, whether it proved a payment, was a question which belonged exclusively to the jury, and on which they had a right to decide.

*Trapnall & Cocke*, contra.

A note given to A. B., administrator, &c., is the private property of A. B., being so much of the goods administered, and the word administrator is merely *descriptio personae :* and he must maintain an action on it, in his own right. *Baker vs. Baker and Cook*, 4 *Bibb*, 346, 7, *&c.* If removed, from the administration, and letters granted to others, the note would not have passed, with the effects of the estate; nor could the administrator, *de bonis non*, have maintained an action

on it. *Boyd vs. Breckenridge*, 4 *Bibb*, 14. *Bradshaw vs. Bradshaw*, 3 *J. J. Marsh*, 632-3.

The 93d sec. of the act, Practice at Law, gives to the court of law, the same power, to compel discovery, in aid of a suit at law, that, heretofore, courts of equity have exclusively exercised, and makes the answer of the party, evidence, in the same manner and with the like effect, as an answer to a bill in equity for a discovery. *Rev. Code*, 632. In order to obtain the discovery, it was necessary for the defendant to allege, that, the knowledge of the facts was confined to the plaintiff, 1 *Smith, ch. p.* 498, and make affidavit to the facts. In this case, all the facts alleged in the petition were denied in the answer: by this proceeding, the defendant had made the plaintiff his witness; and therefore, he could not impeach his testimony; and certainly, after obtaining a discovery, he could not doubt or attack the answer, without showing that the attacking testimony had come to his knowledge, since the petition and answer were filed. He however, is estopped by his own statement in the petition, and the one alone, upon which the order for discovery is granted; that is, that he knows of no person, and has no evidence, by which he can establish these facts, unless by a disclosure from the plaintiff. All the evidence offered by the defendant, was, for the purpose of impeaching the answer; and this, if we are right, he could not under the circumstances, do; at least, unless he should show, that these facts had come to his knowledge, since the answer was filed.

Upon ordinary principles of chancery, the answer could not be contradicted, except by two witnesses, or one witness and strong corroborating circumstances. 3 *Mar.* 225; 4 *Mar.* 174; 6 *Mar.* 22.

*By the Court*, PASCHAL, J. It becomes unnecessary to decide any question in regard to the evidence offered to impeach the answer of the plaintiff to the bill of discovery. The only issue was on the plea of payment. The evidence drawn out by the discovery could only properly be read to support the issue formed in the pleadings at law. Evidence, therefore, which merely goes to impeach the original consideration, cannot be offered under a plea of payment, but the same

ought to be pleaded, upon the universal principle that no evidence shall be allowed, except such as relates to the issue before the jury.

The note, although payable to Pope & Pope, administrators of W. Pope, is, nevertheless, payable to them in their own right, and the addition of "administrators," &c., is merely personal description, as has often been ruled in this Court. This objection is untenable. Nevertheless, we are compelled to decide, that the Circuit Court erred in permitting the note set out in the bill of exceptions to be read to the jury. The declaration (as appears from the record,) is upon a note dated "15th April, 1840," and payable to "P. H. & Hamilton Pope." The note read in evidence was dated "16th April, 1840," and is payable to "P. H. Pope and Hamilton Pope, adm'rs of Worden Pope, dec'd." The variance in the dates, alone, is fatal. See *Hanly vs. Real Estate Bank*, 4 *Ark. Rep.* 598, and cases cited there in argument. *Starkie's Evidence*, and *Chitty's Pleading*, title "*Variance.*"

But, although we decide this case upon the question of variance alone, yet, as there is another point presented which may again come before the Circuit Court, we deem it important to express an opinion in relation to it.

The defendant below, pending the suit, but before the forming of any issue, filed a petition for discovery, as authorized by the 116*th Chapter of the Revised Statutes of Arkansas, sec.* 93. *to* 98. The defendant below set forth, in his petition, various allegations, some of which, possibly, might have tended to impeach the consideration, and others to establish an offset against the ancestor of the plaintiff, to whom the debt was originally due, but none of which tended to support the plea of payment. All these allegations, so far as they constituted a defence, were denied by the answer of Pope. Our statute gives to our common law courts the same powers, in petitions of this sort, that are given to courts of equity, and makes the answer "evidence in the trial of the suit in the same manner, and with the like effect, as an answer to a bill in equity for a discovery;" and, if the party fail to answer, the petition may be read in evidence.

A bill of discovery, emphatically so called, is a bill for the discovery of facts resting in the knowledge of the defendant, or of deeds or

Field *vs.* Pope.

writings, or other things in his custody or power, and seeking no relief in consequence of the discovery, though it may pray for the stay of the proceedings at law, till the discovery is made. The bill is commonly used in aid of the jurisdiction of some court of law, to enable the party who prosecutes or defends an action at law, to obtain a discovery of the facts which are material to the defence thereof. If it can be used in other cases, they are very few, and under very special circumstances. *Story's Equity Pleading*, 253. *Hare on Discovery*, 79, 110. *Cardale vs. Watkins*, 5 *Maddocks*, 18. And a bill of discovery, properly so called, never prays relief. *Id.*

The defendant below, in this case, read the answer, and thereby made it evidence, in accordance with our statute, as well as the general principles of discovery. The answer having denied every material allegation in the bill, the plaintiff in error then attempted to contradict or impeach the answer of the party, by reading a letter from the defendant in error, and by producing a tax-book, by which he proposed to prove that certain moneys were due him by Worden Pope, deceased, while plaintiff was sheriff. Such evidence was certainly inadmissible, under the state of pleadings, as the evidence would not have conduced to prove payment of the note. As a general principle, it is true, as stated by the counsel, and authorities cited on both sides, that an answer can only be contradicted by two witnesses, or by one witness and strong corroborating circumstances. And there is the more reason why the answer to a bill of discovery, in aid of a suit at law, should not be incidentally contradicted. The discovery is generally granted upon the principle that the party cannot prove the discovery sought, without resorting to the conscience of the opposite party. This is of the essence of the right. He here makes him his witness, reads the answer in evidence, and then attempts to show, by circumstantial documentary evidence, that his own witness is not to be credited. Such a principle is surely inadmissible, upon any rule of chancery or common law practice. The Circuit Court, therefore, decided correctly, in excluding the evidence offered to impeach the answer.

In conclusion, we will remark, that the whole proceedings would seem to warrant the conclusion, that the variance already pointed out,

so far as respects the date, may have occurred in transcribing the record. We are, however, bound by the record, as submitted to us. And we may incidentally add, as a caution to the profession, that the verdict of the jury is for a fraction more than the sum demanded. *De minimis non curat lex*, is a maxim of the law; nevertheless, strict care, on the part of the counsel, would save many difficulties to the Court, as well as expense to suitors.                    Judgment reversed.