### CUMMINS *vs.* WOODRUFF.

An instrument with the word *seal* surrounded by a scrawl, at the end of the signature, is a sealed instrument, though there is no "*in testimonium*" clause.

An instrument of which oyer is craved, is made part of the record by being filed, without it being made a part of any pleading.

Though a bond is declared on as a promissory note, yet if the defendant, after oyer craved and allowed, does not demur for the variance, and judgment goes by default, the variance is no ground of error.

THIS was an action of debt, determined in the Pulaski Circuit Court, in May, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Woodruff sued McCurdy, Gilson, and Cummins, declaring on one bond and one note. Cummins craved oyer, which was granted by filing two instruments, each with the word "*seal*" surrounded by a scrawl, opposite each signature—one "*under hands and seals*," and the other "*under our hands.*" Discontinued as to McCurdy and Gilson, who were not served, and judgment *nil dicit* as to Cummins, as on two bonds. The case came up on error.

The case was argued here by *W. & E. Cummins*, who insisted that the variance between the instrument declared on in one Court, and these given on oyer, was fatal on error; and by *Ashley & Watkins*, contra.

*By the Court*, PASCHAL, J. The instrument declared on as a promissory note is a writing obligatory, according to the doctrine settled in *Underwood vs. Jeffries*, 1 *Ark. Rep.* 108, and *Bertrand vs. Byrd*, 4 *Ark.* 195. The instrument was made a part of the record by filing the original, as settled by this Court in the case of *Hanly vs. Real Estate Bank*, 4 *Ark. Rep.* 598, without making it any part of the pleading. The variance would, therefore, have been fatal, had the defendant demurred to the declaration for the variance between the count and the writing given on oyer. The only question, therefore, presented for the determination of the Court is, whether the defendant should be permitted to bring the instrument on the record by oyer, then suffer judgment to pass *nil dicit*, and raise the objection for the first time by error, in this Court.

In the case of the *Auditor vs. Woodruff and others*, 2 *Ark. Rep.* 73, this Court held that, "where, in debt on bond, the copy of the bond given on oyer, as it appears in the transcript of the record, shows a contract simply signed with the names of the defendants, but without any seal or scrawl by way of seal affixed to them; though over the names the words "witness our hands and seals" are used, the instrument given on oyer appears not to be a bond, and is variant from that sued on." Oyer granted is part of the previous pleading, and

the plaintiff is bound by it as long as it remains of record in the case, even though it may have been improperly or unnecessarily granted, and the defendants can avail themselves of any defect or objection manifest upon, or produced by it.

Where oyer of the instrument was given, it became a part of the pleading; and the only legal way known to us of objecting to the instrument, would have been by demurring to the declaration for such variance, and specially pointing out the objection. The declaration would then have been amendable on such terms as the Court would have deemed just. But the defendant, having failed to point out the variance, he consented to the instrument being read in evidence, although misdescribed. Having failed to take this objection at the proper time, we think this case within the reasoning of the rule settled in this Court in the case of *Martin vs. Van Horn, ante,* and cases there cited. A different rule would be contrary to the reason and spirit of our liberal statutes of jeofails.

The text of the reporter in the case of the *Auditor vs. Woodruff et al.* says: " Such a variance is fatal on demurrer or *error;*" but that remark is not warranted by the decision of the Court. It is too late to present the objection on error, when the party had passed over the proper time.                           Judgment affirmed.