Mr Justice Scott delivered the opinion of the Court. Although this is a voluminous record, and the counsel have discussed no small number of questions, in the various attitudes that they have felt compelled to view the case in its serpentine course through the two lower courts, we think the whole matter is within a small compass. Without regard to the questions of filing and re-filing which, in the view we take of the case, are in no way involved, the note was certainly filed on the 27th February, 1849. And then conceding that there never was any valid process to bring either of the defendants before the justice, still the defendant, Jester, in April, upon his affidavit of the materiality of the testimony of an absent witness, obtained a continuance of the cause, and at the same time required the justice to issue process to bring in a jury to the latter time. And afterwards, when that day of trial arrived, although in the language of the justice’s transcript, he “objected to the service of the writs, and moved the court to dismiss the trial,” which the court “overruled and called the trial,” nevertheless after the jury had given their verdict and the court rendered its judgment, he prayed an appeal, which the justice “granted upon condition that they would comply with the statute in such case made and provided:” and the transcript goes on to say, “and on the same day comes the defendants, and perfects their appeal by making the necessary affidavits and entering into bond with good and sufficient security, which is hereby approved by the justice.” The only irregularity in this entry, as shown upon its face, is that the word hand and not recognizance appears, but it cannot be easily supposed, when the whole is taken together, that the justice meant any thing else than the latter, which is nothing more or less than a bond in the more enlarged sense of that term. But however this may be, such an objection cannot be heard from Jester the appellant, as a reason for getting clear of his own appeal; because, whether bond or recognizance, or other irregularity of like kind, it was not executed for his benefit or advantage,but for that of his adversary who might, if he chose, waive cither that or any other regulation designed exclusively for his own benefit, security or safety. (Wilson v. Dean, 5 Eng. Rep. 309. Dig.,p. 666, sec. 174, 176.) The case of Poindexter v. Russell, 6 Eng. 665, and other like cases, so far as they conflict with this doctrine, are overruled. Thus the party, Jester, was by his own voluntary act regularly in the circuit court with his appeal. And in that court, although it might be conceded that the discontinuance, as to. his co-defendant, Sumpter, might have been made avail ablento him as a discontinuance of the whole action, yet the record shows that he was not disposed to avail himself of that advantage; but, on the contrary, he waived it by the affirmative act on his part of moving the court afterwards to strike the several imperfect transcripts from the files of the court, and to proceed with the cause on the last amended transcript from the justice. (Hanley v. Real Estate Bank, 4 Ark. Rep. 598.) The court did proceed, and during the hearing the party, Jester, seems not to have been an inactive spectator, but excepted to the introduction of testimony, as is shown by his bill of exceptions. The testimony excepted to was unquestionably competent and relevant to sustain the allegation made ore tenus, that the note in question was executed to' John Hopper, the plaintiff, below, by the name and description of John Harper, and thus enable him to read it in evidence. ■ Finding then no substantial error in the record, although surcharged with the name of Sumpter, and various informal-process and proceedings, the judgment must be affirmed.