## HILL & CO. vs. CAWTHON & CO.

The defendants in a suit at law, seeking discovery in aid of their defence, must, at least, use such reasonable diligence as would be required in procuring the testimony of an ordinary witness, who was known to them as such, and of the materiality of whose testimony they were apprized: and the petition comes too late, when filed at the third term, and it appears that the plaintiffs are non-residents, and the defendants were aware of the existance of the facts, as to which the discovery is sought, before the institution of the suit. And where the discovery is sought in aid of a defence as to part of the demand sued for, no order for the discovery and injunction of the proceedings ought to be granted, unless the defendants bring into court so much of the debt as is admitted to be due.

A petition for discovery, must show, not only that the discovery is material, that the defence would be difficult or doubtful without it, but that the material facts relied upon are not susceptible of proof by witnesses, or the ordinary sources of defence in suits at law.

*Appeal from Ouachita Circuit Court.*

Before Hon. SHELTON WATSON, Circuit Judge.

PIKE & CUMMINS, for the appellant.

CURRAN, for the appellee.

The petition was filed too late. It was not presented until after the cause had been pending for three terms, and when it had been called and stood for trial, and there was no pretence that any diligence had been used, or effort made to procure testimony.

A petition under the statute is governed by precisely the same rules governing bills for discovery in equity. *Digest, chap.* 126, *sec.* 93, 95, 96, 97. *Field vs. Pope,* 5 *Ark.* 66. The statute requires the court to make an order staying the proceedings. *Digest, chap.* 126, *sec.* 95.

This bill fails to show that the discovery was material· *Mitf. Pl.* 192. *Newkirk vs. Willett,* 2 *Caine's Cas. in Eq.* 296.

It does not appear that the matters sought to be discovered could not be established by witnesses. Where a party asks a court to stay proceedings at law, on the ground that discovery is necessary to aid him in his defence, he must not only show that the facts, as to which discovery is sought, are material, but he must also show that the defence cannot be established by the testimony of witnesses. *Leggett vs. Porley,* 2 *Paige* 601. 2 *Hoff. Ch. P.* 109. *Seymour vs. Seymour,* 4 *J. C. R.* 409. *Bullock vs. Boyd,* 2 *J. J. Marsh.* 323. *Bass vs. Bass,* 4 *Hen. & Munf.* 478. *Reese vs. Parish,* 1 *McCord's Ch.* 60. 7 *Cranch,* 89.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellees commenced an action of law against the appellants, as the acceptors of a protested bill of exchange. The process, returnable to the April Term, 1852, of the Ouachita Circuit Court, was served upon the defendants on the 24th of February, in that year; and, at the return term, they appeared and craved oyer of the instrument sued on. At the October Term following, they pleaded non assumpsit, and set off. At the April Term,

1853, they interposed a further defence, which, without now questioning its sufficiency, may be considered as a plea of partial failure of the consideration, for which they had accepted the bill in suit, and which was drawn by the plaintiffs, payable to their own order. During the same term, the defendants presented their petition for discovery, in which, after alleging the same facts set out in the plea, conducing to show a partial failure of consideration, the petitioners state that "they are advised they cannot safely proceed in defending the said action, without having such discovery as aforesaid of the circumstances hereinbefore stated from the said defendants." The bill prayed for an order requiring the defendants thereto to answer certain interrogatories propounded to them, and for an order restraining or staying further proceedings in the suit until the discovery could be obtained. The transactions disclosed in the petition, showed that the plaintiffs to the suit at law, resided abroad, so that an order requiring them to answer the interrogatories, would necessarily have delayed the trial of the cause until a succeding term. It further appears, from the nature of the facts alleged, and in relation to which a discovery was sought, that the petitioners must have been personally cognizant of their existence as a defence, before or at the time of the institution of the suit at law. The petition was verified by affidavit, in conformity with the statute, commented upon in *Field vs. Pope*, (5 *Ark.* 66;) and *Conway & Reyburn vs. Turner & Woodruff*, (3 *Eng.* 356,) which gives to common law courts the same powers, in relation to discovery, that belong to courts of equity, and makes the answer evidence on the trial, in the same manner as an answer to a bill in equity for discovery. If the common law court, or judge, is of opinion that the interrogatories, or any of them, ought to be answered, it is his duty (*Rev. Stat., Title, Practice at Law, sec.* 95,) to make an order requiring the party, from whom the discovery is sought, to answer the same, or show good cause why he should not do so, and that the trial of the suit be stayed until such order be complied with, or vacated.

Upon demurrer, the petition was adjudged insufficient, and the action at law then progressing, the plaintiffs had judgment.

It requires no extended examination of authorities to demonstrate that the decision of the court below was right. Supposing that the petitioners were entitled to the discovery as evidence, no excuse is pretended, why they had not endeavored to avail themselves of it at an earlier period, and with at least such reasonable diligence as would be required in procuring the testimony of an ordinary witness, who was known to them to be such, and of the materiality of whose testimony they must have been apprized. Moreover, we do not see how the petitioners could have been entitled to the order for discovery, and injunction of the proceedings at law, without bringing into court so much of the debt, as the petition and plea admitted to be justly due upon the bill of exchange. In *Field vs. Pope*, the law is broadly stated to be, that "the discovery is generally granted upon the principle that the party cannot prove the facts sought to be discovered, without resorting to the conscience of the opposite party; and this is of the essence of the right." And though that was a strong case, where the party calling for the discovery thought proper to read the answer, though not obliged to do so, and after making a witness of his adversary, by reading the answer, undertook to impeach it by other testimony, we are not prepared to say that the rule is laid down too broadly, with reference to the allegations which ought to appear on the face of the petition. We do not wish to be understood as saying that the suitor at law cannot have a discovery in aid of his suit or defence, in any case where, though he may have some evidence, the proof of the claim or defence relied upon would be doubtful or difficult without the aid of the discovery, in respect of which, there may be debatable ground in theory as well as in practice. It is sufficient to say that this petition does not represent any such state of doubt or difficulty, and for aught that appears, it might be inferred that every material fact relied upon for the defence, was susceptible of proof by witnesses, and the ordinary sources of evidence in suits

at law.  In *Marsh. vs. Davidson,* (9 *Paige* 584,) Chancellor WAL-WORTH makes what seems to be a reasonable distinction, that, to sustain a bill of discovery in aid of a defence at law, the complainant must show that the discovery sought is material to his defence; not that it is absolutely necessary.  But where the complainant also seeks relief in chancery, upon the ground that the discovery is necessary, the bill must allege affirmatively that he cannot establish such defence at law without the aid of the discovery sought; and the relief may be demurred to, if in such case the bill does not show that the discovery is necessary, as well as material and convenient.  And he proceeds to say: "A similar averment of the necessity of a discovery in aid of the defence at law, must be made and sworn to, where the complainant in a bill of discovery asks for an injunction to stay the defendant's proceedings there, until he has answered the bill."  Such was the case here; and, seeing no probable grounds for the appeal to this court, and which the appellants have caused to operate as a supersedeas, the judgment will be affirmed, with damages for delay.