## LABAT *v.* DUGAN PIANO COMPANY.

### Opinion delivered October 29, 1917.

1. INTERPLEA—POSSESSION OF PROPERTY—SUMMARY JUDGMENT ON BOND.—Appellee sued one L. for the purchase price of a piano, under a contract of sale, and the court ordered that the sheriff take same into custody. Appellant, the wife of L., interpleaded, giving a bond, conditioned upon obeying the judgment of the court. Judgment was rendered for appellee against L. for the purchase price, and the same fixed as a lien upon the piano, but, *held,* the court was without power to render summary judgment against appellant and her sureties on her bond.

2. APPEAL AND ERROR—VOID JUDGMENT—EXCEPTIONS.—It is not necessary to except to the rendering of a judgment, void on its face.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie,* Judge; reversed in part, affirmed in part.

*D. L. King,* for appellants.

1. The judgment against M. H. Labat was void for want of notice. He was not a party. Kirby & Castle's Digest, § 5153.

2. The judgment is not responsive to the issue. 83 Ark. 205; 128 Ark. 25; *Id.* 229.

3. It was error to render judgment against the interpleader and bondsmen for the debt. 99 Ark. 97; 100 *Id.* 515.

4. No motion for new trial, nor exceptions were necessary; the judgment was unauthorized. 5 Ark. 700; 62 *Id.* 421.

*R. L. Montgomery,* for appellee.

1. The appeal should be dismissed. No exceptions were saved and no bill of exceptions filed. All objections were waived. 73 Ark. 407; 43 *Id.* 391; 44 *Id.* 411.

2. Appellant was properly a party. 75 Ark. 571.

3. The judgment was responsive to the issue. But no motion for new trial was filed and no objections made, nor exceptions saved. Appellant waived all supposed errors. 26 Ark. 536; 27 *Id.* 506; 34 *Id.* 684; 61 *Id.* 33; 43 *Id.* 391; 45 *Id.* 524.

4. There was no error in rendering judgment on the bond. It had jurisdiction and the presumption is that the judgment is correct. No objection was made nor exceptions saved and the question is raised here for the first time. It is too late.

McCULLOCH, C. J. Appellee instituted this action before a justice of the peace against M. H. Labat, the husband of appellant Alice J. Labat, to recover the price of a piano, and at the commencement of the action an order was issued to the sheriff requiring him to take and hold the piano subject to the further orders of the court, in accordance with the statute which provides that in any action "for the recovery of money contracted for property in possession of the vendee" the court or clerk shall issue, on petition of the plaintiff, an order "directing the sheriff or other officer to take the property described in the petition and hold the same subject to the order of the court." Kirby's Digest, § § 4966, 4967. Appellant interpleaded in the action, claiming ownership of the piano taken under the attachment, and after judgment against her before the justice of the peace she took an appeal to the circuit court and gave a bond, with sureties, in the form prescribed by statute in cases of interpleader. Kirby's Digest, § § 425 and 426. The conditions stated in the bond are as follows:

"Now, if the interpleader shall prosecute her appeal to the Lafayette Circuit Court, without delay, her interplea for the property claimed by her, towit: one Kohler piano, and if said property shall, on the trial of such in-

terpleader, in the Lafayette Circuit Court, be found to be the property of said plaintiff, and said plaintiff shall recover judgment against said interpleader for the said piano, that said Alice J. Labat will deliver said property to the sheriff, W. S. A. Jackson, or his successor in office, whenever demand by said sheriff after execution or writ for its delivery comes to his hands to be levied thereon.''

It is seen by comparison that the conditions are in accordance with the terms of the statute. On the trial of the cause in the circuit court the jury returned a verdict in the following form:

''We, the jury, find for the plaintiff in the sum of $220, bearing interest from September 22, 1915, till paid, and we further find the piano owned and in possession of M. H. Labat.''

The court thereupon rendered judgment in favor of appellee against M. H. Labat for the recovery of the sum named in the verdict, and declared the same to be a lien on the piano, and, on motion of appellee, also rendered personal judgment against appellant Alice J. Labat and the sureties on her bond as interpleader. A motion for new trial was filed and overruled, but the motion did not contain any reference to the action of the court in rendering a personal judgment against appellant and the sureties on the bond. Certain other alleged errors of the court were assigned in the motion, but as they are not pressed here as grounds for reversal, they need not be mentioned in this opinion.

There was no appeal prosecuted to the circuit court by M. H. Labat, therefore it was unnecessary to render any further judgment against him. Of this, however, appellant can not complain, as she is not interested in the judgment against her husband. The verdict of the jury settles against appellant her claim for ownership and possession of the piano in controversy and the judgment of the court is correct upon the verdict so far as it adjudicates that question.

(1) It was beyond the power of the court to render judgment against appellant and her sureties on the bond.

The statute does not authorize a summary judgment on such a bond. The statute provides that if the property levied on be not delivered according to the terms of the bond ''said bond shall have the force and effect of a judgment for the amount of the appraised value of such property and the costs of the interplea, if such appraised value be less than the amount of the judgment rendered in the original case, and, if more, for the amount of said judgment and costs, on which judgment execution against all the obligors may issue.'' Kirby's Digest, § 426. The appraisement of the property is the foundation of the statutory proceedings against the obligors on the bond, and the judgment against the sureties arises upon the return of the officer showing the failure to deliver the property according to the terms of the bond. *Turner* v. *Collier*, 37 Ark. 528.

(2)  It is urged by counsel for appellee that this ruling of the court can not be reviewed here for the reason that no exception was saved at the time and embraced in the motion for new trial. The judgment is to that extent void on its face, because it is unwarranted. Therefore, no exceptions were necessary. *Tunstall* v. *Means*, 5 Ark. 700. It may be likened to a judgment by default upon pleadings which do not state a cause of action, and the error of the court, therefore, appears on the face of the record. The erroneous action of the court in rendering this judgment was not one of the things which occurred during the progress of the trial to which exceptions must have been saved in order to call for a review in this court. It was, therefore, unnecessary to note exceptions at the time or to embody the objections in a motion for new trial.

The portion of the judgment against appellant and the sureties on her bond for the recovery of money is reversed and stricken out. The other portion of the judgment concerning the ownership of the piano is affirmed.