McILROY BANK *v.* FIRST NATIONAL BANK OF FAYETTEVILLE

5-5897                                              480 S.W. 2d 127

Opinion delivered May 15, 1972

*Ball & Gallman,* for appellant.

*Paul Jameson,* for appellee.

LYLE BROWN, Justice. This is a contest between two banks to determine which, if either, is entitled to the proceeds of a judgment taken in favor of a creditor who was indebted to both banks. The appeal is taken from a finding by the chancellor that appellee had priority under the Uniform Commercial Code.

In September 1964 Mr. Carney became indebted to Mr. Watson and executed a note for $2,500. Watson delivered the note to appellee, First National Bank, as one of several items of security for a substantial loan. A security agreement and financing statement were executed and the note was listed therein. The note was a negotiable instrument; there was nothing on the face of the note which might give notice to anyone that it was security for a debt owed First National.

In August 1969 First National permitted Watson to withdraw the note from its files, presumably for the purpose of collection. A little over a year later, Watson obtained judgment against Carney on the note. McIlroy Bank learned of the judgment and forthwith initiated garnishment proceedings against the judgment because Watson was delinquent in a large debt to McIlroy. First National intervened in the garnishment proceedings, asserting its secured interest in the note which was the basis of the Carney judgment.

We think that when First National surrendered possession of the note it lost the security interest it previously held.

Ark. Stat. Ann. § 85-9-304 (1) (Add. 1961) provides that "A security interest in chattel paper or negotiable documents may be perfected by filing. A security interest in instruments (other than instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in subsections (4) and (5)." Looking at subsections (4) and (5) to discover what the exceptions to possession would be for perfecting an interest in an instrument we find that those sections only pertain to temporary perfection (21 days). Since Watson had possession of the Carney note for more

than a year, those subsections would not apply. In § 85-9-304, comment 1, it is recited: "With respect to instruments subsection (1) provides that, except for the cases of 'temporary perfection' covered in subsections (4) and (5), taking possession is the only available method [of perfection]." Then § 85-9-305 provides, ". . . A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this Article (chapter)." Under § 85-9-302, Purpose of Changes 3, the comment is that "under this Article. . . filing is not effective to perfect a security interest in instruments. See Section 9-304 (1)." The term "instrument" is defined, among other things, in § 85-9-105 (1) (g) as a negotiable instrument.

First National next argues that if it did not have a secured interest it did have a valid equitable assignment of the note. Watson, upon transfer of the note back to him, held it for over a year and reduced it to judgment without the knowledge of First National. He therefore retained exclusive control of the note, which action would be contrary to First National's contention that it had an equitable assignment. Additionally, the UCC does not permit assignments of negotiable instruments. Under §§ 85-3-201—208, the note must be transferred or negotiated.

First National next contends that McIlroy cannot reach the judgment by garnishment. We have held in two cases that a judgment debtor (in this case Carney) is not subject to the process of garnishment of the judgment. *Trowbridge & Jennings* v. *Means*, 5 Ark. 135; *Tunstall* v. *Means*, 5 Ark. 700. In *Trowbridge* this court said: "But we are clearly of the opinion that, after the rendition of judgment against a debtor, he is not subject to garnishment." First National's position is correct. We do not agree with appellant that the cited cases have been limited by *St. Louis, I. M. & S. Ry. Co.* v. *Richter*, 48 Ark. 349, 3 S.W. 56 (1886). That case was not concerned with a final judgment.

Finally, First National argues that the UCC does not apply to a right represented by a judgment, citing § 85-

9-104 (h). McIlroy argues, and rightly so, that every incident which would come within the provisions of the Code occurred prior to the judgment. Watson did not obtain the judgment against Carney until January 1971, and thus it would be from that date forward that the Code would not apply.

Succinctly summarizing, First National lost its priority by surrendering possession of the negotiable instrument and, secondly, McIlroy's garnishment of the Carney judgment is of no avail.

Reversed.

FOGLEMAN, J., not participating.