Dolly BROWN *v.* Brenda BELL

86-138                                                                722 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*John W. Cloer,* for appellant.

*Vowell & Atchley,* by: *Russell C. Atchley,* for appellee.

DAVID NEWBERN, Justice. The appellant, Dolly Brown, is the widow of Lloyd I. Brown. The appellee, Brenda Bell, is the daughter of Lloyd I. Brown and executrix of his estate. The appellant contests the appellee's inventory of the estate in three particulars. The appellant contends the estate contains (1) two promissory notes made in favor of the decedent secured by mortgages and the payments made on the notes since the decedent's death, (2) $482.79 which was withdrawn by the appellee from a bank account of which the decedent was a joint

owner, and (3) two farm tractors. None of these items were included in the inventory.

We do not reach the question whether the $482.79 should be included in the estate, as the appellee conceded in her testimony that it is to be included, and thus the court made no finding on that asset from which an appeal could be taken. The appellant made no objection to the court's order in this respect. We concur with the court's finding that the decedent had made *inter vivos* gifts of the notes as well as the two tractors, and thus we affirm.

## 1. The promissory notes

The decedent had apparently sold lands and taken mortgages and the notes, which are the subject of the appellant's first point, in exchange. One was for $92,000 and the other was for $9,000. The appellee testified that her father, the decedent, delivered the notes to her at the office of an attorney just after the death of his wife, the appellee's first stepmother, in December, 1981. She placed the notes in her personal safety deposit box. Her testimony was that her father had suffered five heart attacks, knew he was in poor health, and wanted her to have the notes. She thereafter received the payments on the notes and placed them in a joint checking account. Her father's name was on the account, but she said her father wrote no checks on the account, and the ones she wrote were for her personal purposes.

In August of 1982, the decedent married the appellant. In 1984, he executed a "bill of sale" purporting to convey the notes, among other items, to the appellee for "love and affection."

### a. Undue influence

The appellant's first assertion is that because the appellee was the decedent's daughter. there was a special trust and confidence between them, and the appellee thus must show the gifts were made freely and voluntarily. *Norton* v. *Norton*, 227 Ark. 799, 302 S.W.2d 78 (1957.) She also cites *Dunn* v. *Dunn*, 255 Ark. 764, 503 S.W.2d 168 (1973), for the proposition that when, in a confidential relationship, the evidence shows dominance on the part of one of the parties, there is a presumption that a gift by the dominated donor to the dominant donee is not freely and voluntarily given.

There is no evidence whatsoever that the appellee dominated her father. Her testimony showed that the notes were delivered to her by her father who intended to make a present gift of them to her. Even the appellant testified that the decedent told her he had given everything away except his tractors. Nothing in the appellant's testimony or that of any other witness even hints at undue influence or overreaching of any sort.

### b. Lack of indorsement

The appellant contends the court erred in holding the notes could be given or beneficially transferred absent indorsement of the decedent who was the payee of the notes. She contends that the bill of sale was an assignment of the notes which we held was prohibited by the Uniform Commercial Code in *McIlroy Bank* v. *First National Bank of Fayetteville*, 252 Ark. 558, 480 S.W.2d 127 (1972). In that case a bank took possession of a note made payable to its debtor as security for the debtor's obligation to the bank. The bank returned the note to the debtor who held it for a year and reduced it to judgment without the knowledge of the bank. The bank claimed it had a valid equitable assignment of the note. We pointed out that assignment of notes is not permitted under Ark. Stat. Ann. §§ 85-3-201 through 85-3-208 (Add. 1961). We said that those sections permit a note to be transferred or negotiated but not assigned.

The argument of the appellant that indorsement of these notes was necessary to effect a gift of them is erroneous. Section 85-3-202(1) provides:

> Negotiation.—(1) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.

Transfer of a negotiable instrument is covered by § 85-3-201 which provides:

> Transfer—Right to indorsement.—
>
> (1) Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality

affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.

(2) A transfer of a security interest in an instrument vests the foregoing rights in the transferee to the extent of the interest transferred.

(3) Unless otherwise agreed any transfer for value of an instrument not then payable to bearer gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor. Negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner.

Note 2 of the commentary under § 85-3-201 provides:

2. The transfer of rights is not limited to transfers for value. An instrument may be transferred as a gift, and the donee acquires whatever rights the donor had.

It is thus clear from the statutes and the commentary that while indorsement of a note payable "to order" is required to negotiate it in favor of one who becomes a holder in due course, a donor's rights in such an instrument may be transferred by gift without indorsement. Adoption of the Uniform Commercial Code has done nothing to disturb our earlier holding that a promissory note may be the subject of a gift. *Ammon v. Martin,* 59 Ark. 860, 26 S.W. 826 (1894). *See also Boling v. Gibson,* 266 Ark. 310, 548 S.W.2d 14 (1979); *Pyland v. Gist,* 177 Ark. 860, 7 S.W.2d 985 (1928). 5 R. Anderson, Uniform Commercial Code, § 3-201:13 (1984).

## 2. *The tractors*

On January 14, 1982, which was about the same time the notes were delivered, the decedent conveyed land known as "the blueberry farm" to the appellee and her husband, Ronnie L. Bell. It is undisputed that the two tractors in question were on that land when the conveyance was made and were used by the appellee and Ronnie Bell to work the farm after the conveyance. The appellant's testimony and that of two witnesses she presented was that the decedent had indicated his intent to retain ownership of the tractors despite having given the farm to his daughter and her

husband.

The appellee testified that the decedent had made it clear to her "verbally" that all the equipment went with the farm. Her husband, Ronnie L. Bell, testified that when the conveyance was made the decedent told him the tractors were his "to run the farm and do what else you want." He further testified that the appellee had paid the personal property taxes on the tractors "the past several years."

■ Thus there was a factual issue as to the intent of the decedent to make a gift of the tractors. We will not reverse the court's determination of donative intent on the part of the decedent unless the determination was clearly erroneous or clearly against the preponderance of the evidence. *Gibson* v. *Boling*, 274 Ark. 53, 622 S.W.2d 180 (1981); Ark. R. Civ. P. 52(a).

Affirmed.