DAUGHERTY v. HELENA & NORTHWESTERN RAILWAY.

4-9957                                    252 S. W. 2d 546

Opinion delivered November 3, 1952.

Rehearing denied December 8, 1952.

102

*Dinning & Dinning,* for appellant.

*John L. Anderson, Charles J. Lincoln* and *House, Moses & Holmes,* for appellee.

GEORGE ROSE SMITH, J. This is a suit in ejectment brought by the appellee railroad company to recover a 1.32-acre tract of land that was formerly occupied by the company's tracks. The railroad line was abandoned in 1951, and the trackage was removed. It is contended by the appellants, the abutting landowners, that the railroad company had a mere easement in the property and that the right of possession reverted to the landowners when the railroad was abandoned. The company contends that it owned not an easement but the fee simple. The circuit court, trying the case on an agreed statement of fact, upheld the railway's position.

The sole issue is whether a deed that was executed to this company's predecessor in 1907 conveyed an easement or the fee. This is the relevant language of the deed:

"In consideration of the sum of five dollars . . . and of the benefits to accrue to us from the construction of the Missouri & North Arkansas Railroad, we do hereby grant, bargain, sell and convey unto the Missouri & North Arkansas Railroad Company, and unto its successors and assigns forever, a strip of land 100 feet in width for a right of way, over and upon the following

described [160 acres], said strip of land being fifty feet in width on each side of the center of the main track of said railroad as the same is now, or may hereafter be, located and constructed on and across said tract of land, with the right to change watercourses, and to take stone, gravel and timber, and to borrow earth on said right of way for the construction and maintenance of said railroad." The deed contains neither a habendum nor a warranty clause.

The appellee's contention that the deed conveyed the fee simple depends largely upon the fact that the property was described as "a strip of land." It is insisted that these words show that the grantors intended to convey the land itself rather than an easement therein. Reliance is also placed on Ark. Stats. 1947, § 50-403, which provides that words of inheritance are not necessary in the creation of a fee simple and that all deeds shall be construed to convey the fee, "unless expressly limited by appropriate words."

We do not find this argument convincing. The deed refers not simply to a strip of land; it specifies "a strip of land 100 feet in width *for a right of way.*" We realize that when the grantor unequivocally conveys the fee his designation of the property's intended use should be regarded as surplusage; but when the grantor's intention is itself subject to question then the fact that he attempts to restrict the future use of the property becomes a factor in the interpretation of his deed. We have no decisions in Arkansas that bear closely upon the case at bar; in other jurisdictions the authorities are pretty evenly divided. Probably the majority view, and in any event the view that we consider preferable, holds that a conveyance such as this one creates an easement only. The fullest discussion is contained in *Magnolia Petroleum Co.* v. *Thompson*, 8th Cir., 106 F. 2d 217, reversed on other grounds, 309 U. S. 478, 60 S. Ct. 628, 84 L. Ed. 876. There the court analyzed the question in great detail and considered some forty decisions in arriving at the conclusion that a deed similar to this one creates an ease-

ment. Among many cases to the same effect are *Sherman v. Petroleum Exploration*, 280 Ky. 105, 132 S. W. 2d 768, 132 A. L. R. 137, and *State ex rel. State Highway Com'n v. Griffith*, 342 Mo. 229, 114 S. W. 2d 976.

In this case, however, we do not have to rely solely upon the circumstance that the grantors conveyed the land "for a right of way." Apart from this expression the deed bristles with indications that an easement alone was intended. The recited consideration reflects that the grantors accepted a nominal sum for the deed because they were interested not in selling land but in assisting the company to complete its line. As the court remarked in the *Thompson* case, *supra*, "This language makes it perfectly clear that the parties met for the sole purpose of contracting for a railroad right of way." For that purpose an easement was equally as effective as the fee.

The shape of the tract—a 100-foot strip across a quarter section—is peculiarly suited to railway purposes and to little else. This, too, was mentioned in the *Thompson* opinion: "Obviously the railroad company was interested at that time in no other use of the land else it would assuredly have acquired more than a strip of land 60 feet wide." Again, the form of the deed, without habendum or warranty, is not that usually and customarily employed to transfer absolute title.

Finally, the grantee is expressly given the right "to take stone, gravel and timber, and to borrow earth on said right of way for the construction and maintenance of said railroad." The appellee forcibly argues that this language adds nothing to the deed, since even when the railroad company has a mere easement there is an implied right to use stone, gravel, and earth for purposes germane to the easement. This may be true, but still the language *is* in the instrument and cannot be ignored in determining the intention of the parties. If a fee simple had been intended it would have been unusual, it would have been almost absurd, to take the precaution of assuring the grantee that it could take its own stone and gravel and borrow its own earth. Yet if an easement were meant

the insertion of this language might well be considered a sensible precaution against future controversy.

Construing this somewhat ambiguous deed as a whole we are convinced that the parties had primarily in mind the matter of providing a right of way for railway purposes only. Nearly all the language chosen points to the creation of a servitude and negatives the notion that a fee was intended. The appellee candidly admits that even the language it relies upon, "a strip of land 100 feet in width for a right of way," would unquestionably have created an easement had the words been transposed to read, "a right of way upon a strip of land 100 feet in width." When we take into account the other recitals in the instrument we have no doubt that this is the legal effect of the language actually selected.

Reversed.