CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY
*v.* OLSEN, *et al.*

5-224                                            262 S. W. 2d 882

Opinion delivered December 21, 1953.

---

*Wright, Harrison, Lindsey & Upton,* for appellant:

*Mahony & Yocum, George M. LeCroy* and *T. O. Abbott,* for appellee.

MINOR W. MILLWEE, Justice. In 1895, Adam Lockhart executed a deed to the Arkansas Southern Railroad Company covering certain lands. The instrument is entitled "Deed of Right-of-Way" and recites:

"Witnesseth: That the party of the first part for and in consideration of the sum of twelve and 15/100 dollars received from the party of the second part the receipt of which is hereby acknowledged, does by these presents grant, bargain, sell, convey and confirm unto the party of the second part and unto its successors and assigns, all that piece or parcel of land, being a strip of land one hundred feet wide, for the purpose of constructing and maintaining a railroad thereon, being fifty feet on each side of the center of the main track of said railroad situate, lying, and being in the County of Union and State of Arkansas in section thirty-two, Township eighteen South, Range fifteen West, and more particularly

described as the N½ of the NE¼ and the SE¼ of the NW¼ and the NE¼ of the SW¼ of Section 32 T. 18S. R. 15 W.

"And the party of the first part agrees further that the party of the second part is to have through its agents and employees the unrestricted right and privilege to maintain said railroad over, through, and upon said land forever.

"To have and to hold the premises aforesaid with all and singular the rights, privileges and appurtenances and immunities thereto belonging or in any wise appertaining unto the party of the second part and unto its heirs and assigns forever. . . ."

The appellant is the successor in title to the Arkansas Southern Railroad Company and acquired all that company's interest in the strip of land in 1896 and has been using the strip as a railroad right-of-way since that date. Appellees claim the oil, gas and other minerals under the strip of land as the successors to the title of Adam Lockhart. There are now three producing oil wells on the strip of land in question, and on May 1, 1952, appellees filed suit against appellant to quiet their title to the mineral estate in the 100 foot strip. The chancery court decreed that the deed from Adam Lockhart to the railroad company conveyed only an easement and the court quieted title to the mineral estate of this strip of land in the appellees.

The sole question presented is whether the deed conveyed an easement or the fee simple title.

It is well settled that this court, when called upon to construe deeds and other writings, is concerned primarily with ascertaining the intention of the parties, and such writings will be examined from their four corners for the purpose of ascertaining that intent from the language employed, and, if such intention clearly appears, effect will be given thereto. Coffelt v. Decatur School District No. 17, 212 Ark. 743, 208 S. W. 2d 1.

The instrument in question is similar to the deed involved in the recent case of *Daugherty* v. *Helena and*

*Northwestern Ry.*, 221 Ark. 101, 252 S. W. 2d 546, in which we held that an easement was conveyed, and the principles announced there are controlling here. The first factor in determining the intent of the parties lies in the title, "Deed of Right-of-Way", of the deed in question. This factor did not appear in the Daugherty case, but the strip of land was there conveyed "for a right of way", while the land was conveyed in the instant deed "for the purpose of constructing and maintaining a railroad thereon", and the railroad company was granted "the unrestricted right and privilege to maintain said railroad over, through, and upon said land forever." The deed in the Daugherty case contained neither a *habendum* nor a warranty clause, while the deed in question here contains a *habendum,* but no warranty, clause. In the Daugherty case, the deed recites a consideration of $5.00 paid for 1.32 acres, while the instant deed recites a consideration of $12.15 paid for 8.36 acres.

In urging a reversal, the appellant makes the same argument as the railway company made in the Daugherty case. In that case, we said: "We realize that when the grantor unequivocally conveys the fee his designation of the property's intended use should be regarded as surplusage; but when the grantor's intention is itself subject to question then the fact that he attempts to restrict the future use of the property becomes a factor in the interpretation of his deed." And in *St. Louis-San Francisco Ry. Co.* v. *White,* 199 Ark. 56, 132 S. W. 2d 807, it is said: "Where the conveying language shows a purpose to authorize construction of a railway with possibility of reverter of the land to the servient estate, it has been held that such instrument creates a determinable fee and transfers the whole title from the grantor so long as the property is used for railway purposes. But the general rule seems to be that if the deed purports to convey only a right-of-way, it does not convey the land itself, but the fee remains in the grantor, and the railway company acquires a mere easement in perpetuity for railway purposes."

In 2 Thompson on Real Property, § 462, the author states: "Where the granting clause of a deed declares the purpose of the grant to be a right of way for a railroad, the deed passes an easement only, and not a fee, though it be in the usual form of a full warranty deed." In 74 C. J. S., Railroads, § 84 c.(1), it is said: "As a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right-of-way purposes." See, also, *Sherman* v. *Petroleum Exploration*, 280 Ky. 105, 132 S. W. 2d 768, 132 A. L. R. 137, and annotation beginning at p. 142.

Looking at the whole instrument involved here, its title, the nominal consideration recited, the shape of the tract conveyed, and the recited purpose of its use, it seems apparent to us that it was the intention of the parties to convey an easement rather than a fee. The decree, so holding, is affirmed.

McFADDIN, J., not participating.