LYNCH *v.* CYPERT.

5-1284                                            302 S. W. 2d 284

Opinion delivered May 27, 1957.

*John B. Driver* and *Virgil D. Willis,* for appellant.

*N. J. Henley,* for appellee.

GEORGE ROSE SMITH, J.   An abandoned railroad right of way, 200 feet in width, lies between the appellant's land on the north and the appellee's land on the south.   The appellant brought this action in ejectment to recover possession of the south half of the 200-foot strip.   The complaint alleges that the entire strip was conveyed to the railroad company by one of the plaintiff's predecessors in title, Mike Mathis, and that the entire strip therefore reverted to the plaintiff when the railroad company removed its trackage in 1949.   It is asserted that the defendant, whose land lies on the south side of the right of way, has wrongfully constructed a fence along the center line of the strip and taken possession of the south half thereof.   The circuit court, sitting without a jury, rejected the plaintiff's contention that the entire strip had reverted to him, and judgment was accordingly entered for the defendant.

In conveying the 200-foot strip to the railroad company Mathis executed two separate instruments.   There is no controversy about the first instrument, which was executed in 1902.   That deed conveyed a 100-foot easement across a forty-acre tract "for the actual construction, use, maintenance and operation of said railroad."

The case turns upon the correct interpretation of the second instrument, which Mathis executed in 1903. This conveyance is in form a warranty deed, with the

usual granting clause, habendum, and covenant of warranty. It conveys "the following land lying in Searcy County, Arkansas, to-wit: 50 feet on either side of the 100 feet of right of way heretofore deed[ed] to said St. Louis & N. Ark. Ry. Co. for depot grounds between stations 5074 and 5095," etc. It is stipulated that Mathis owned no land south of the 200-foot right of way, the southern boundary of that strip being also the southern boundary of his forty-acre tract. The trial court held that the second deed conveyed the fee simple title to the fifty feet lying on each side of the original easement and that therefore there had been no reversion to the appellant, since his land borders on a strip that the railroad company owned in fee. The court concluded that the appellant had not proved his own title and so could not prevail in ejectment.

We agree with the trial court's view. If the words "for depot grounds" had not been inserted in Mathis' second deed the instrument would undoubtedly have conveyed the fee simple, and there would be no plausible basis for the contention that some lesser estate was intended. Hence the appellant's argument boils down to the assertion that the grantor's reference to depot grounds (together with the fact that a nominal consideration of one dollar was recited) overrides all the rest of the instrument and keeps it from being an absolute conveyance.

At the outset it will be observed that the pivotal words, "for depot grounds," seem by their position in the deed to refer to the 100-foot easement already granted and not to the additional land being conveyed by the second instrument. No attempt was made to clarify this ambiguity by proof of the use that has actually been made of the 200-foot strip. On this record we are left in doubt about what land the parties expected the railroad company to use for depot grounds.

If it be assumed, however, that the reference was to the outer areas along the original easement, there is still no persuasive reason for saying that the words "for depot grounds" change the legal effect of the instru-

ment. The appellant, citing *Daugherty* v. *Helena &
Northwestern Ry.*, 221 Ark. 101, 252 S. W. 2d 546, inti-
mates that a mere easement for depot purposes was
meant. The instrument construed in the *Daugherty*
case did not purport to be a warranty deed and dif-
fered in many respects from that now before us. That
deed was expressly "for a right of way," which
brings to mind the thought of an easement, while a de-
pot site suggests a more extensive use of the land. In
the only case that seems to be directly in point, *Texas
& P. Ry. Co.* v. *Martin*, 123 Tex. 383, 71 S. W. 2d 867, a
warranty deed to a railway company contained two re-
citals that the land was to be used for depot purposes.
The court held that the deed was nevertheless a fee-
simple conveyance.

Nor can it well be said that Mathis's second deed
created a defeasible fee in the grantee. The language of
the instrument is not that ordinarily employed to de-
scribe such an estate. *Davis* v. *St. Joe School Dist.*, 225
Ark. 700, 284 S. W. 2d 635. And as a general rule a bare
recital of the purpose for which the land is conveyed
is not enough to justify a finding that a determinable
fee or fee on condition subsequent was intended. Powell
on Real Property, § 187; *Fitzgerald* v. *Modoc County*,
164 Calif. 493, 129 P. 794; *Fuchs* v. *Reorganized School
Dist. No. 2*, (Mo.) 251 S. W. 2d 677.

Affirmed.