EL DORADO & WESSON RAILWAY CO. *v.* SMITH.

5-2348                                                    344 S. W. 2d 343

Opinion delivered March 20, 1961.

*Gaughan & Laney,* for appellant.

*Shackleford & Shackleford,* for appellee.

GEORGE ROSE SMITH, J. The appellees own a forty-acre tract which for many years was crossed by the right of way and tracks of the appellant railway company. In 1959 the company discontinued its service upon this line, removed its trackage, and attempted to convey to the other appellant, Natural Resources, Inc., the land formerly used as a right of way. The appellees then brought this suit to quiet their title to the disputed strip, contending that the carrier had had only an easement which terminated when the line was abandoned. The chancellor sustained the plaintiffs' contention and entered a decree quieting their title and canceling the deed to Natural Resources.

It is conceded that the decision in the case turns upon the proper interpretation of the deed by which the appellees' predecessors in title conveyed the right of way to

the railway company in 1906. That instrument was entitled Right of Way Deed and read essentially as follows:

"Know all men by these presents: That we, R. E. L. Combes and Annie A. Combes, his wife, for and in consideration of the sum of Fifty-five ($55.00) Dollars (and for no other consideration) . . . do hereby grant, bargain, sell and convey unto the El Dorado & Wesson Railway Company, and unto its successors and assigns, forever a strip of land one hundred (100) feet in width, over and upon the following described land [five forty-acre tracts are described]. Said strip of land being fifty (50) feet in width on each side of the center of the main track of said railroad as the same is now, or may hereafter be located and constructed on and across said tract of land, with the right to change water courses and to take stone, gravel and timber, and to borrow earth, on said right of way for the construction and maintenance of said railroad; and if said railroad company its successors or assigns, shall deem it necessary to the proper construction of said railroad to borrow earth, make embankments, or cuts, or other works that require a greater width than said right of way it shall have the right to borrow earth, make such cuts, embankments, or other works, on either or both sides of said right of way, but not to exceed one hundred (100) feet in width on each side of said right of way at any one point. Said additional land when taken to be paid for at the same rate as the above described right of way.

"And in further consideration of the premises, we do hereby acknowledge receipt in full of all compensation and satisfaction for property taken, or to be taken, and damage done, or to be done, by reason of the construction of said railroad." The deed concludes with a release of dower and the grantors' signatures and acknowledgment.

The chancellor was right in considering the case to be governed by the holding in *Daugherty* v. *Helena & N. W. Ry.*, 221 Ark. 101, 252 S. W. 2d 546. In the deed now before us there are present substantially the same factors

that led us to conclude that the deed in the *Daugherty* case created only an easement. In the earlier case the conveyance was of a strip of land "for a right of way"; here the instrument is captioned "Right of Way Deed" and contains a reference to "the above described right of way." In both instances the shape of the tract, a 100-foot strip, is peculiarly suited to railway purposes and to little else. Neither instrument contains a habendum or a warranty clause. And in both cases the conveyance expressly gives the grantee a right to take stone, gravel, and timber, which is hardly consistent with the grant of a fee simple estate. The only significant difference between the cases is that here the consideration paid, $55.00 for a right of way totaling about ten acres, is not as clearly nominal as was the payment in the *Daugherty* case. We do not think this slight difference to be a sufficient reason for not following our prior decision. See also *Chicago, R. I. & P. R. Co.* v. *Olsen,* 222 Ark. 828, 262 S. W. 2d 882.

The case principally relied upon by the appellants, *Lynch* v. *Cypert,* 227 Ark. 907, 302 S. W. 2d 284, is easily distinguishable from this one. There the conveyance was an ordinary warranty deed, with the usual granting clause, habendum, and covenant of warranty. Although the instrument seemed to convey a fee simple it was argued that an intention to create only an easement should have been inferred from the fact that the land was conveyed "for depot grounds." We rejected that argument, but even so there is very little similarity between the warranty deed construed in the *Lynch* case and the right of way deed now before us. Instead, the precedent established by the *Daugherty* case controls the present litigation.

Affirmed.