William G. WYLIE and Carolyn S. Wylie *v.* Gene B.
TULL, et al.

89-3                                              769 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Robert M. Abney*, for appellant.

*Randall L. Gammill; Green & Henry*, by: *David G. Henry*,
for appellee.

DAVID NEWBERN, Justice. This is an appeal from a chancery court decree quieting title to forty-nine parcels of land in the appellees. The appellants, William G. and Carolyn S. Wylie, are the successors in interest to the Chicago Rock Island and Pacific Railroad Company and its predecessors to which the lands in question were conveyed when railroad lines were being built in Arkansas. The forty-seven appellees are successors to the grantors. The chancellor held in favor of the appellees on the ground that each deed was a conveyance of a right of way easement rather than fee simple, and that the lands reverted to the grantors and successors when the railroad company abandoned them. We agree with the chancellor's decision with respect to each deed, thus the decree is affirmed.

■ We thoroughly reviewed the law concerning conveyances to railroad companies like the ones before us now in *Coleman* v. *Missouri Pacific R.R.*, 294 Ark. 633, 745 S.W.2d 622 (1988). We noted that, as in nearly all deed construction cases, it is necessary to ascertain the intention of the parties by examining the deeds "from their four corners." We revisited *Daugherty* v. *Helena & Northwestern Ry.*, 221 Ark. 101, 252 S.W.2d 546 (1952), and *El Dorado & Wesson Ry. Co.* v. *Smith*, 233 Ark. 298, 344 S.W.2d 343 (1961), and discussed the *Daugherty* case as follows:

> In *Daugherty*, the deed contained language in its granting clause that is almost identical to that which appears in the two deeds here dated July 23, 1902, *viz.*, 'In consideration of the sum of five dollars and of the benefits to accrue to us from the construction of the Missouri & North Arkansas Railroad, we . . . convey . . . *a strip of land 100 feet in width for a right of way* . . .' In holding that the deed in *Daugherty* granted an easement and not a fee simple title, the court reasoned that the deed referred not simply to a strip of land but instead specified strip of land 100 feet in width 'for a right of way.' The court further said that, when the grantor unequivocally conveys the fee, his designation of the property's intended use should be regarded as surplusage; but when the grantor's intention is itself subject to question, then the fact that he attempts to restrict the use of the property becomes a factor in the interpretation of his deed. In holding the parties, by their

deed, intended to convey an easement, the court emphasized those factors that it believed indicated an easement, not a fee simple title, *viz.*, that only a nominal consideration had been paid by the railway company for the strip of land; that the shape of the tract conveyed indicated a right of way; and that the railway company was given the right 'to take stone, gravel and timber and to borrow earth *on the said right of way*' for the construction and maintenance of the railroad.

In the *Coleman* case, we looked at the distinguishing factors in the three deeds at issue. They gave the railway company the right to take stone, gravel, timber and earth outside the strip, they contained a relinquishment of dower (a factor significant in *St. Louis & San Francisco Ry. Co.* v. *Tapp*, 64 Ark. 357, 42 S.W. 667 (1897), and they conveyed additional land beside the narrow strip [a factor significant in *Lynch* v. *Cypert*, 227 Ark. 907, 302 S.W.2d 284 (1957)]. We concluded a fee simple had been conveyed.

As stated in the *Daugherty* case and restated in the *Coleman* case, there are four indicators that an easement, as opposed to a fee, has been conveyed. First, the deed mentions right of way. Second, only nominal consideration is stated. Third, the shape of the tract (long, narrow strip) makes other uses unlikely. Fourth, the railroad is given the specific right to take earth from the strip itself.

There was a statement in the third of the deeds we considered in the *Coleman* case that the conveyance was for right of way, and it was undisputed that consideration was nominal. Two factors were cited, however, which were said to indicate a fee simple transfer. First, the grant of the right to take earth outside the strip and second, the relinquishment of dower by the spouse. Even though it was not stated as a critical factor, we noted that the three deeds were all executed by the parties within two months, and the first deed conveyed a strip of land with no mention of right of way. The second and third deeds conveyed the aforementioned strip, called it a right of way, and conveyed extra ground for a depot.

One basis we found in the *Coleman* case for contrasting the deeds there with that in the *Daugherty* case was that the railroad

was given the right to move earth and change water courses off the premises conveyed, whereas in the *Daugherty* case deed, the railroad was given the right to take earth on the land conveyed. That was a good distinction, because in the *Daugherty* case we pointed out it would be absurd to grant a grantee the right to take dirt from land he owned in fee.

In some of the deeds described below the right to go on the grantor's property beyond the premises conveyed is granted. While that, again, makes a nice contrast with the *Daugherty* case deed, it does not mean that the conveyances before us where such a right is given are necessarily grants of fees. The limited right to go on the land of the grantor adjacent to the land conveyed is no more than the granting of an easement on the adjacent property, and there is no reason to infer that it is attached to a fee which has been granted to the railroad.

Most of the deeds we consider here contain indicators of both fee simple and easement. Rather than reproduce each deed, we will give a summary of each, noting the factors we have considered. For the convenience of the parties, we designate each deed as it was designated in the record. In nearly every case, factors indicating an easement outnumber the ones indicating conveyance of a fee. In none of the deeds before us did we find that the factors pointing to the grant of a fee outnumbered or outweighed those pointing to the grant of an easement. In the few cases where there seem to be an equal number of considerations favoring construction as a fee rather than an easement grant, we defer to the chancellor because the appellants have not shown us his decision was erroneous. The determination of the intent of a grantor is largely a factual one, and we will not reverse a chancellor's determination of a factual matter unless it is shown to be clearly erroneous or clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a); *Brown* v. *Bell*, 291 Ark. 116, 722 S.W.2d 592 (1987).

R-11: Titled "Warranty Deed." Consideration, $1.00 plus benefits from construction. Transfer of strip of land 200' "for right of way". If construction not commenced within 12 months right of way reverts. Right to borrow earth on said right of way granted. Dower relinquished.

R-12A: Titled "Warranty Deed." Consideration, $25 plus

benefits from construction. Transfer of strip of land 200′ "for right of way". Right to borrow earth on said right of way granted. Dower relinquished.

R-1A: Titled "Warranty Deed," but says quitclaim in the body. Consideration, benefits to accrue from construction. Grants "my right of way being 100′ ". Right to fell trees outside strip which may endanger railcar granted. Dower relinquished.

R-13 and R-22: Titled "Deed." Consideration, $1500. Transfer of a strip of land 100′ (50′ on each side of center of main track already constructed). Right to borrow earth on "said right of way" granted. [These deeds present two of the closest cases because the consideration was clearly substantial rather than nominal. We cannot say, however, that the chancellor's conclusion that it was an easement was erroneous in view of the very narrow shape of the land conveyed and the right to borrow earth which would have been unnecessary had the grantor intended conveyance of a fee.]

R-16: Titled "Deed to Right of Way." Consideration, $245. Transfer of a strip of land 100′ (50′ on either side of main track). Right to borrow earth on said "right of way" granted. Dower relinquished.

R-23A: Titled "Right of Way Deed." Consideration, $90. Transfer of a strip of land 100′ (50′ on either side of main track already constructed). Right to borrow earth on "said right of way" granted. Dower relinquished.

R-23B: Titled "Right of Way Deed." Consideration, $5. Conveys a strip of land 100′ wide (50′ on each side of the main track). Right to borrow earth on said "right of way" granted. Right to make embankments or cuts outside "said right of way" but not to exceed 100′ on either side at any one point. [Grantor was a single man].

R-27C: Titled "Right of Way Deed." Consideration $315. Transfer of two strips of land 100′ (50′ on each side of the main track). Right to borrow earth on "said right of way" granted. Dower relinquished.

R-29: Titled "Right of Way Deed." Consideration, $280. Transfer of a strip 100′ (50′ on each side of the main track). Right

to borrow earth on said "right of way" granted. Right to make embankments or cuts within 50' on either side of the right of way. Dower relinquished.

R-32B: Titled "Right of Way Deed." Consideration, $242.50. Transfer of a strip of land 100' (50' on each side of the center of the main track). Right to take or borrow earth on said right of way granted. Dower relinquished.

R-36: Titled "Right of Way Deed." Consideration, $371. Transfer of a strip of land 50' wide on each side of described section. Right to borrow earth on said right of way. Right to make embankments outside the right of way not to exceed 100' at any one point. Dower relinquished.

R-18: Titled "Right of Way Deed." Consideration $1. Transfer of a strip 100' (50' on each side of the center of the main track). Right to borrow earth on said "right of way" granted. Dower relinquished.

R-20, R-21B, R-24A, and R-26B: Titled, "Right of Way Deed." Consideration $1. Transfer of a strip 100' (50' on each side of the center of the main track). Right to borrow earth on said "right of way" granted. Right to make embankments outside the right of way not to exceed 100' at any point. Dower relinquished.

R-25A: Titled "Right of Way Deed." Consideration, $1. Transfer of a strip of land 100' wide [additional description describes land forming parallelogram east of the center line of the tract of the railway]. Right to borrow earth on "said right of way" granted. Dower released.

R-25B and R-25C: Titled "Right of Way Deed." Consideration, $1. Transfer of a strip of land 50' wide along east side of main track. (R-25C transfers a strip 100' wide, 50' on each side of the track.) Right to borrow earth on "said right of way" granted. Right to make embankments outside right of way but not to exceed right of way by 100' at any one point. Dower relinquished.

R-26A: Titled "Right of Way Deed." Consideration, $1. Transfer of a strip of land 50' wide (along west side of main track). Right to borrow earth "on said right of way" granted. [Transfer by a single woman].

R-26B, R-27A, and R-27B: Titled "Right of Way Deed."

Consideration, $1. Transfer of a strip of land 100′ (50′ on each side of main track). (R-27A and R-27B, strip is 50′ wide.) Right to borrow earth on "said right of way" granted. Right to make embankments outside right of way not to exceed 100′ at any one point. Dower released.

R-28 and R-30A: Titled "Right of Way Deed." Consideration, $1. States transfer of a strip of land 100′ wide (50′ on each side of main track, except N.E.¼ where a curve to the West may be made). (R-30, strip is 50′ wide.) Right to borrow earth on said "right of way" granted. Dower relinquished.

R-30B: Titled "Right of Way Deed." Consideration, $1. Transfer of a strip 50′ wide to be taken on the West side. Railroad is required to build a depot within 3 miles of the land or the deed is void and to begin work within 1 year or the deed is void. Right to borrow earth on "said right of way" is granted. Dower is relinquished.

R-32A, R-34A, and R-35B: Titled "Right of Way Deed." Consideration, $1. Transfer of strips 50′ wide on either side of the main track with right to borrow earth on "said right of way". Dower is relinquished.

R-35C, and R-37: Titled "Right of Way Deed." Consideration, $1. Transfer of strip of land 50′ wide. Right to borrow earth on said "right of way" granted. Deed to be void if railroad not in operation before 1/1/13. (R-35C is by a widower, and R-37 is by a single woman.)

R-38. Titled "Right of Way Deed." Consideration, $500. States transfer of strip of land 100′ wide (50′ on each side of the main track) with the right to borrow earth from said "right of way" granted. (Grantors are unmarried persons).

R-39: Titled "Right of Way Deed." Consideration, $1. Transfer of a strip of land 50′ wide (on west side of main track) with the right to borrow earth from said "right of way" granted. (Grantor is unmarried).

R-17: Titled "Right of Way Deed." Consideration, $2. Transfer of strip 100′ wide (50′ on each side of the center of the main track). Dower is relinquished.

R-9B: Titled "Warranty Deed." Consideration, $1. Trans-

fer of a strip 100′ on each side of the center of the main track. Right to borrow earth on said "right of way." Reserves merchantable timber on said "right of way." Dower is relinquished.

R-12C: Titled "Warranty Deed." Consideration, $1. Transfer of strip 100′ for right of way. Right to borrow earth on said right of way is granted. Dower is relinquished.

R-12D: Titled "Warranty Deed." Consideration, $1 and benefits to accrue from construction of railway. Transfer of strip of land 100′ for right of way. Right to borrow earth on said right of way granted. Dower is relinquished.

R-1B: Titled "Deed." Consideration, $35. Quitclaim transfer of "my right of way" being 100′ the middle thereof to be the railroad track. Right to fell trees outside limits which might endanger railroad. Grantor reserves right to cultivate up to railroad tracks and railroad to put in cattle guards. Dower is relinquished.

R-3A: Untitled. Consideration, $1. Transfer of strip 100′ wide for right of way (50′ on each side of the railway). Right to borrow earth on right of way. Right to take earth outside right of way up to 100′. (Unmarried man).

R-3B: Untitled. Consideration, $1 and benefits to accrue. Transfer of strip 100′ wide for right of way (50′ on each side of center of main track). Right to borrow earth on right of way granted. (Widow).

R-3C: Untitled. Consideration, $1 and benefits to accrue. Transfer of strip 50′ wide for right of way. Right to borrow earth on right of way granted. Dower relinquished.

R-4: Untitled. Consideration $175 and benefits to accrue. States transfer of strip 100′ wide for right of way. Right to borrow earth on right of way is granted. Dower is relinquished.

R-5: Untitled. Consideration, $175 and benefits to accrue. Transfer of strip 100′ for right of way. Right to borrow earth on right of way is granted. Dower is relinquished.

R-7A: Untitled. Consideration $1 and benefits to accrue. Transfer of strip 200′ wide for right of way. Right to borrow earth on right of way granted. Dower is relinquished.

R-7B: Untitled. Consideration, $50 and benefits to accrue. Transfer of strip 200′ wide for right of way. Right to borrow earth on right of way granted. Dower is relinquished.

R-8: Titled, "Deed of Right of Way." Consideration, $105 and benefits to accrue. Transfer of a strip 200′ for right of way. Right to borrow earth on right of way granted. Dower is relinquished.

R-10: Titled, "Warranty Deed." Consideration, $1 and benefits accrued. Transfer of strip 200′ for right of way. Reserving merchantable timber to grantor. Right to borrow earth on right of way granted. (Widow).

R-6: Condemnation decree. Easement granted.

### Conclusion

The various provisions contained in these deeds made them ambiguous. As stated at the outset, the job of the chancellor was to ascertain the intention of the parties, particularly the grantor, from the language used. In the *Coleman* case we affirmed the chancellor's conclusion that similar ambiguous instruments appeared to create a fee simple in the grantee railroad rather than an easement.

Likewise, we affirm the chancellor here because the appellants have not demonstrated his conclusion was wrong with respect to any of the deeds under consideration.

Affirmed.