BREWER AND TAYLOR COMPANY, Noel and Fay Droemer *v.* Sara Ann WALL and Wayne Wall, Her Husband; Joy Sue Thomas, and Levaun Thomas, Her Husband; Roy A. Franks Revocable Trust, by Oleta Thompson and Beatrice Phillips, Trustees

88-287                                        769 S.W.2d 753

Supreme Court of Arkansas
Opinion delivered May 22, 1989

*Lippard and Mueller,* by: *C. Richard Lippard,* for appellant Brewer and Taylor Co.

*Pryor, Barry, Smith & Karber,* by: *John D. Alford,* for appellants Noel and Fay Droemer.

*Hixson, Cleveland & Rush,* by: *R.H. "Buddy" Hixson,* for appellee.

TOM GLAZE, Justice. This case involves the construction of seven deeds executed by the appellees' predecessors to the Choctaw & Memphis Railroad. The appellees are the present owners of the land adjoining the railroad right of way, and they originated this quiet-title action. The trial court found that the titles to the land in question reverted to the appellees, because the deeds conveyed only an easement to the railroad, and that easement was abandoned when the railroad ceased operation on April 19, 1984. The appellants, the present possessors of the railroad's right-of-way interests, bring this appeal alleging that the chancellor erred in finding that the deeds conveyed an easement interest instead of a fee simple. In addition, appellants Noel and Fay Droemer contend that the chancellor erred in finding that the easement was abandoned. We affirm.

In 1898 and 1899, seven deeds were executed by the previous owners of the land, conveying to the Choctaw & Memphis Railroad a strip of land one hundred feet in width for a right of way. The Chicago Rock Island and Pacific Railroad Company was the successor in interest to the Choctaw & Memphis Railroad. After filing for bankruptcy, the railroad ceased operation on April 19, 1984. The railroad's property, including the right of way interest in question, was conveyed by quit-claim deed to Chicago Pacific Company.[1] The Chicago Pacific Company then conveyed by quit-claim deed the property to Brewer and Taylor Company, who then conveyed part of the property to Noel and Faye Droemer.

■■ When this court is called upon to construe deeds and other writings, we are concerned primarily with ascertaining the intention of the parties, and such writings will be examined from their four corners for the purpose of ascertaining that intent from the language employed. *Coleman* v. *Missouri Pac. R.R.,* 294

---

[1] Chicago Pacific Company was a party in the lawsuit, but it does not appeal from the chancellor's order.

Ark. 633, 745 S.W.2d 622 (1988). Further, if the parties' intent clearly appears, it will be given effect. *Id.* In prior cases, we identified the following factors as indications of the intent to convey an easement: 1) the deed specifies that the land conveyed is for a right of way; 2) only nominal consideration is stated; 3) the shape of the tract makes other uses unlikely; and 4) the railroad is given the specific right to take stone, gravel, timber and earth from the strip itself. *Wylie* v. *Tull*, 298 Ark. 511, 769 S.W.2d 409 (1989); *Coleman*, 294 Ark. 633, 745 S.W.2d 622; *Daughtery* v. *Helena & Northwestern Ry.*, 221 Ark. 101, 252 S.W.2d 546 (1952).

■ On the other hand, we have recognized that the following factors indicate the intent to convey a fee simple interest: 1) the right of increasing the width of the strip of land for necessary slopes, embankments, and turnouts and with the right of changing water courses, and of taking a supply of water and of borrowing or wasting earth, stone or gravel outside the strip; 2) the conveyance of additional land besides the strip; and 3) the relinquishment of dower rights. *Wylie*, 298 Ark. 511, 769 S.W.2d 409; *Coleman*, 294 Ark. 633, 745 S.W.2d 622.

In reviewing the deeds in the present case, we discover that all the deeds but one use the same form entitled "Right of Way and Release of Damages." The one exception is in handwriting but contains the same provisions as the others. All of the deeds contain the following granting language, "hereby grant, bargain, sell and convey unto the Choctaw & Memphis Railroad Company, and unto its successors and assigns forever, a strip of land one hundred feet in width for a right of way." The seven deeds specifically give the railroad the right to change the water courses and to take stone, gravel and timber, and to borrow earth on said right of way for the construction and maintenance of said railroad. In addition, five of the deeds provide when necessary to the proper construction of the railroad the right to make embankments, or cuts, or other works on either or both sides of said right of way but not to exceed fifty feet in width on each side. This language is scratched out with a pen in the other two deeds. Further, with one exception, the deeds provide for the relinquishment of dower rights. In the sole exception, the language pertaining to dower rights has been scratched out by someone using a pen. The amount of consideration varies in the deeds —

two of the deeds have consideration in the amount of $300.00, two for $100.00, one for $150.00, $50.00 and $1.00.

The deeds in issue contain indications of the conveyance of a fee simple and an easement. First, we recognize the following fee simple factors are present in the majority of the deeds: 1) relinquishment of dower rights; 2) the right to make embankments, or cuts or other works on land outside the right of way when necessary for the construction of the railroad; and 3) the conveyance language used in the deeds. While these factors are present, none of them are decisive on the issue. For instance, in *Wylie*, this court stated that the right to use land outside the right of way does not always indicate a conveyance of a fee simple. In the present case, the right is limited to fifty feet either side of the track. The limited right to go on the grantor's land adjacent to the land conveyed can be no more than the granting of an easement on the adjacent property. *Wylie*, 298 Ark. 511, 769 S.W.2d 409. In addition, although the use of grant, bargain and sell is the conveyance language used to warrant title and thus used to convey fee simple interests, that factor by itself does not require a finding of a fee simple. In *Daughtery* v. *Helena & Northwestern Ry.*, 221 Ark. 101, 252 S.W.2d 546 (1952), the deed to the railroad also contained the grant, bargain and sell language, but we concluded that the deed conveyed an easement relying on other factors, such as the shape of the tract conveyed and the right to take stone, gravel and earth from the right of way.

As previously noted, the deeds also contain several factors indicating an easement. Particularly, we believe that the following provisions contained in the deeds are persuasive. First, the deed specifies that the land conveyed is for a right of way. In fact, not only are the deeds entitled "Right of Way" but the granting language itself states that the conveyance is for a right of way to have the main track of the railroad located and constructed on and across the tract of land. In addition, the shape of the tract conveyed makes any other use unlikely. The deed conveyed a strip of land one hundred feet in width with the right to use fifty feet on either side when necessary for the construction of the railroad. Finally, the railroad was specifically given the right to change the water courses and to take stone, gravel and timber, and to borrow earth on the right of way for the construction and maintenance of the railroad. As we have recognized in earlier cases, such a

provision would be unnecessary if a conveyance of a fee simple was intended. *See Coleman*, 294 Ark. 633, 745 S.W.2d 622; *Daughtery*, 221 Ark. 101, 252 S.W.2d 546.

Admittedly, this case is a close call. But, after reviewing the four corners of the deeds, we believe that the above easement factors preponderate the conclusion that the parties intended the deeds to convey an easement. Furthermore, we are unable to say the trial court's finding is in error.

We also agree with the chancellor's finding that the easement was abandoned. Our case law provides that an easement will be held to be abandoned when the intention to abandon and the acts by which such intention is carried into effect clearly indicate such abandonment. *Drainage District No. 16, Mississippi County* v. *Holly and Roach*, 213 Ark. 889, 214 S.W.2d 224 (1948). While generally nonuse is not sufficient, an abandonment of a grant of an easement of a public nature, like a railroad right of way, is more readily presumed from a long period of nonuse. *See Gurdon & Ft. Smith R.R. Co.* v. *Vaught*, 97 Ark. 234, 133 S.W. 1019 (1911). In addition, this court has stated that a conveyance of a public easement for a private use abandons the easement. *See Cannco Contractors, Inc.* v. *Livingston*, 282 Ark. 438, 669 S.W.2d 457 (1984). While the deeds in the present case do not expressly state that the right of way is for railroad purposes only, it is clear from the language of the deeds that the conveyance is for the purpose of constructing the railroad. Therefore, we conclude that when the railroad ceased operation in 1984 and the easement was conveyed for private purposes, the easement was abandoned.

For the reasons stated above, we affirm.