Leon BRISSETT *v.* Connie SYKES, Executrix of the Estate of Ruth Brissett

92-283                                     855 S.W.2d 330

Supreme Court of Arkansas
Opinion delivered June 21, 1993

*John Harris*, for appellant.

*David L. Eddy*, for appellee.

DAVID NEWBERN, Justice. This case involves a dispute between the appellant, Leon Brissett, and the appellee, Connie Sykes, over ownership of a one-half interest in real property which had been conveyed by warranty deed, dated May 8, 1986, to Leon and Ruth Brissett "husband and wife." Leon Brissett claims he and Ruth Brissett entered into a common law marriage and thus he was a tenant by the entirety with a right of survivorship at the time of her death. Ms. Sykes contends there was no marriage, thus half is in Ruth Brissett's estate. The Chancellor agreed with Ms. Sykes and, based upon Ruth Brissett's will which in part devised the property to Ms. Sykes, quieted title to the property in her. We hold the Chancellor was fundamentally correct but went too far in considering the provisions of Ruth Brissett's will which had not been introduced in evidence. We affirm the decision but modify it to limit it to a determination that Leon Brissett had no survivorship interest in Ruth Brissett's portion of the property.

In addition to the point about improper consideration of the

will, Leon Brissett argues the Chancellor erred by holding (1) residency in a common law marriage state is a prerequisite to validity of a common law marriage, and (2) absent a tenancy by the entirety, there must be a declaration of intent to create a survivorship interest in a deed in order for such an interest to be created.

Leon Brissett testified he and Ruth Brissett agreed to be married in 1977 while they were living in New York and thereafter held themselves out to the public as husband and wife. Although Ruth used the name "Brissett," the marriage was not formalized. Leon Brissett stated he and Ruth Brissett traveled in a motor home to almost every state in the nation and some Canadian provinces, but maintained their permanent residence in New York until they moved to Arkansas in 1986. He testified they voted, assessed personal property, and paid taxes in New York and Arkansas. He concedes that a common law marriage could not have been created pursuant to New York law during their residency in that State.

The Chancellor determined the evidence was insufficient to establish a common law marriage as the Brissetts had not resided in a state in which a common law marriage may be created. Finding no expression of intent to create a joint tenancy with right of survivorship in the deed, the Chancellor ruled the property was held as a tenancy in common and Ruth Brissett's one-half interest "will pass under the terms of her will."

### 1. Common law marriage

Leon Brissett first argues residency in a state in which a common law marriage may be created is unnecessary for the recognition of the common law marriage in Arkansas. Arkansas Code Ann. § 9-11-107 (1987) provides, however, that "All marriages contracted outside this state which would be valid by the laws of the state or county in which the marriages were consummated and in which the parties then *actually resided* shall be valid in all the courts in the state." (Emphasis added).

Common law marriages may not be created by law in Arkansas, but our courts recognize marriages contracted by law in other states. *Walker* v. *Yarbrough*, Admix, 257 Ark. 300, 516 S.W.2d 390 (1974). One seeking to prove the creation of a common law marriage in another state must do so by a preponder-

ance of the evidence. *Allen* v. *Wallis*, 279 Ark. 149, 650 S.W.2d 225 (1983).

■ From the evidence presented, we cannot determine the Chancellor erred by finding insufficient evidence that the parties actually resided in a common law marriage state. Although Leon alleges he and Ruth made month-long trips to states which recognized the validity of common law marriages, such as Pennsylvania, there was no evidence presented that they made these trips for the purpose of changing their residency from New York or Arkansas. Nor was evidence presented as to the requirements of establishing a common law marriage in Pennsylvania or elsewhere. A party seeking to establish the validity of a common law marriage must show a substantial relationship of long duration in the common law marriage state, *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), and no such evidence was presented.

■ In *Walker* v. *Yarbrough, Adm'x, supra*, we relied on *In Re Binger's Estate*, 63 N.W.2d 784 (1954), and stated:

Parties who live for years in illicit relationship in a state in which they were domiciled will not find themselves married to each other if they happen to sojourn for a short time and hold themselves out as man and wife in a state where common law marriage is recognized.

We agree with the Chancellor's conclusion that the record did not support a finding that a common law marriage was established.

*2. Intent to create a survivorship interest*

■ According to Ark. Code Ann. § 18-12-106(a) (Supp. 1991), a joint tenancy with right of survivorship may be created in real property by conveyance to two or more persons, regardless of their relationship to each other. With respect to conveyances prior to July 15, 1991, subsection (c) of the Statute provides that such an estate was created if it was "clearly intended." The question whether a survivorship interest was intended should be determined from the four corners of the deed. *Brewer* v. *Taylor*, 299 Ark. 18, 769 S.W.2d 753 (1989); *Wylie* v. *Tull*, 298 Ark. 511, 769 S.W.2d 409 (1989).

■ We cannot determine the Chancellor erred by refusing to construe the deed to Leon and Ruth Brissett as husband and

wife as creating a survivorship interest. In *Wood* v. *Wood*, 264 Ark. 304, 571 S.W.2d 84 (1978), we held a conveyance to "Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety" was sufficient to establish a joint tenancy with right of survivorship. In reaching this decision, we recognized the deed did not stop with describing the purchasers as husband and wife but went further and stated they were to hold "as tenants by the entirety." Merely describing the purchasers as "husband and wife" is insufficient to establish an intent to create a survivorship interest. *See Smith, Adm'x* v. *Stewart, Adm'x*, 268 Ark. 766, 596 S.W.2d 346 (Ark. App. 1980) ("To Wesley Shaw and Dixie Shaw, his wife" held insufficient to create a right of survivorship).

### 3. The will

The Chancellor considered and attached to his decree a copy of Ruth Brissett's will of which he had become aware through a probate proceeding. He concluded the will showed there was no intent to create a survivorship interest in the property because Ms. Brissett referred to "my half" of the property and purported to devise it. The will, however, had not been introduced in evidence in the case before the Chancellor. The Chancellor also stated in the decree that "the property will then be distributed pursuant to the will of Ms. Brissett."

In effect, the Chancellor took judicial notice of facts in another proceeding. Courts may not take judicial notice of prior or pending litigation in other cases, even if those cases are between the same parties. *Dyer* v. *Ross-Lawhon*, 288 Ark. 327, 704 S.W.2d 629 (1986); *May* v. *Edwards*, 258 Ark. 871, 529 S.W.2d 647 (1975).

We affirm the decree but modify it to delete reference to Ruth Brissett's will and to limit its effect to holding that Leon Brissett has no right of survivorship in the real property in question.

Affirmed as modified.