The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This official Attorney General's opinion is issued in response to your recent questions regarding marriage formalities under Arkansas law. You have asked:
(1) Under Arkansas law, are marriage licenses mandatory or directory?
 (2) Does the State of Arkansas recognize the terms and conditions of a marriage agreement between two parties (male and female) that is worded in contract form; states their religious beliefs; indicates that the marriage ceremony was performed by a licensed minister; is witnessed, notarized and recorded in the appropriate county?
RESPONSE
Question 1 — Under Arkansas law, are marriage licenses mandatory ordirectory?
It is my opinion that under Arkansas law, the requirement of obtaining and filing a marriage license is directory rather than mandatory.
I base this conclusion on specific holdings to that effect by the Arkansas Supreme Court and Court of Appeals.[1] The courts have held that a failure to comply strictly with the laws governing marriage licenses does not have the effect of invalidating a marriage. For example, in DePotty v. DePotty, 226 Ark. 881, 295 S.W.2d 330 (1956), the parties obtained a marriage license in Texas, but were married in Arkansas by a duly qualified minister. The marriage complied in all respects with Arkansas law except that the parties never obtained an Arkansas marriage license. It was contended that the marriage was void because of the failure to obtain an Arkansas license as required by Arkansas law. The Arkansas Supreme Court rejected the argument, stating: "[W]e have no statute providing that a marriage is void where no license is obtained."Id. at 882. The court upheld the validity of the marriage. Similarly, inEstate of Wright v. Vales, 1 Ark. App. 175, 613 S.W.2d 850 (1981), the couple in question never obtained a marriage license at all. Again it was contended that the marriage was therefore void. The Arkansas Court of Appeals held the marriage to be valid.
In both cases, the courts specifically stated that the statutes setting forth the requirements relating to marriage licenses are directory rather than mandatory, and that a failure to comply strictly with those statutes does not render a marriage void.
On the basis of these authorities, therefore, I must conclude that the Arkansas laws governing marriage licenses are directory rather than mandatory.
Question 2 — Does the State of Arkansas recognize the terms andconditions of a marriage agreement between two parties (male and female)that is worded in contract form; states their religious beliefs;indicates that the marriage ceremony was performed by a licensedminister; is witnessed, notarized and recorded in the appropriatecounty?
It is my opinion that the answer to this question will depend upon all of the facts surrounding the alleged marriage.
You have not stated the purpose for which you are concerned that the state might be asked to recognize such an agreement. If you are asking whether the state would recognize such an agreement for purposes of establishing the validity of the marriage in the absence of one or more of the required formalities, it is my opinion that an agreement of this nature could serve as evidence of the validity of the marriage. The concurring opinion in DePotty v. DePotty, supra, pointed out that the decision in that case was intended to approve marriages without licenses only where:
 (a) the parties engaged in a ceremony substantially in compliance with that prescribed by the statutes; (b) the parties to the ceremony acted in good faith and believed that they were complying with all the provisions of our statutes; (c) they consummated the ceremony by cohabitation, and; (d) the proof of (a), (b), and (c) mentioned above is clear and convincing.
DePotty v. DePotty, 226 Ark. at 884, Ward, J., concurring.
An agreement such as the one you have described could provide evidence of most of the factors mentioned by the concurring opinion above, for purposes of establishing the validity of the marriage in the absence of one or more of the required formalities. If the parties did not act in good faith, however, and did not believe that they were complying with the applicable statutes, or if the court found the agreement to be otherwise unconvincing evidence, the attempted marriage may not be accorded validity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the court has held otherwise (i.e., that the marriage statutes are mandatory and not directory) in addressing attempts to establish common law marriages in Arkansas. See, e.g., Furthv. Furth, 97 Ark. 272, 133 S.W.2d 1037 (1911). Although common law marriages cannot be created in Arkansas, Arkansas will recognize the validity of common law marriages legally established under the laws of another jurisdiction. Brissett v. Sykes, 313 Ark. 515, 855 S.W.2d 330
(1993); A.C.A. § 9-11-107.