2015 ND 277

**SARGENT COUNTY WATER RESOURCE DISTRICT,**
**Plaintiff and Appellee**

v.

**Nancy I. MATHEWS, Phyllis Delahoyde, and Paul Mathews,**
**Defendants**

**Nancy I. Mathews and Paul Mathews, Appellants.**

**No. 20140451.**

Supreme Court of North Dakota.

Dec. 1, 2015.

Christopher M. McShane, West Fargo, ND, for plaintiff and appellee.

Derrick L. Braaten (argued) and JJ William England (appeared), Bismarck, ND, for appellants.

VANDE WALLE, Chief Justice.

[¶1] Nancy Mathews and Paul Mathews appealed from a judgment determining the ownership and control of certain property in Sargent County. We reverse, concluding the plain language of the 1917 and 1918 right-of-way deeds at issue conveyed easements.

I

[¶2] In November 2012, the Sargent County Water Resource District ("District") commenced an action seeking declaratory relief regarding the ownership

and control of property in Sargent County, including all property located south of the north boundary of Drain 11. The District claimed ownership as the successor in interest to the Sargent County Board of Drain Commissioners, which had obtained its interest in the property by right-of-way deeds signed in 1917 and 1918 and recorded in the Sargent County register of deeds office.

[¶ 3] The District sought declaratory relief because Paul Mathews sought to exert control over the property, claiming a property interest through his rental agreement with Phyllis Delahoyde and Nancy Mathews, the purported owners of the property. Nancy Mathews and Paul Mathews answered the complaint and raised a number of defenses and a counterclaim against the District. Delahoyde did not claim an interest in the disputed property, nor did she join the codefendants in the appeal.

[¶ 4] In January 2014, the district court held a bench trial. After trial, the court found the 1917 deed and 1918 deed were ambiguous on their face and considered extrinsic evidence to determine the intent of the parties to the deeds. The court subsequently entered judgment declaring that the 1917 and 1918 deeds granted fee title in the property to the District's predecessor.

## II

[¶ 5] Nancy Mathews and Paul Mathews argue the plain language of the right-of-way deeds from 1917 and 1918 unambiguously show an intent to convey easements for a right of way and not fee simple. They further contend that if this Court decides the deeds are ambiguous, the district court's interpretation of the parol evidence is clearly erroneous.

### A

[¶ 6] We interpret deeds in the same manner as contracts. N.D.C.C. § 47–09–11. In construing a deed, the primary purpose is to ascertain and effectuate the grantor's intent. *EOG Res., Inc. v. Soo Line R.R. Co.*, 2015 ND 187, ¶ 15, 867 N.W.2d 308; *Wagner v. Crossland Constr. Co., Inc.*, 2013 ND 219, ¶ 8, 840 N.W.2d 81. The intent must be ascertained from the writing alone, if possible. *Wagner*, at ¶ 8. When a deed is unambiguous, this Court decides the parties' intent from the instrument itself. *Id.* "A deed is ambiguous if rational arguments can be made in support of contrary positions as to the meaning of the term, phrase, or clause in question." *EOG Res.*, at ¶ 15. Whether a deed is ambiguous presents a question of law and is fully reviewable on appeal. *Id.*

[¶ 7] When a deed is ambiguous, the district court may consider extrinsic evidence to decide the parties' intent. *EOG Res.*, 2015 ND 187, ¶ 16, 867 N.W.2d 308. The district court's resolution of an ambiguity in a deed by extrinsic evidence is a finding of fact, which this Court reviews under the clearly erroneous standard. *Id.* "A finding is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if an appellate court is left with a definite and firm conviction a mistake has been made." *Freidig v. Weed*, 2015 ND 215, ¶ 13, 868 N.W.2d 546.

### B

[¶ 8] The Mathews assert that numerous courts have held right-of-way deeds similar to the two deeds in this case conveyed easements. *See, e.g., Midland Valley R. Co. v. Jarvis*, 29 F.2d 539, 539–40 (8th Cir.1928); *El Dorado & Wesson Ry. Co. v. Smith*, 233 Ark. 298, 344 S.W.2d 343, 344–45 (1961); *N. Sterling Irrigation Dist. v. Knifton*, 137 Colo. 40, 320 P.2d

968, 970–72 (1958); *Texas Co. v. O'Meara*, 377 Ill. 144, 36 N.E.2d 256, 259 (1941); *Johnson Cnty. v. Weber*, 160 Neb. 432, 70 N.W.2d 440, 445 (1955); *Midland Val. R. Co. v. Arrow Indus. Mfg. Co.*, 297 P.2d 410, 411 (Okla.1956); *Bernards v. Link*, 199 Or. 579, 248 P.2d 341, 343–44 (1952). They contend the deeds' plain language in this case unambiguously shows an intent to convey easements for a right of way, rather than a fee simple interest, and the deeds do not contain any conflicting language regarding easement versus fee. The Mathews also argue that merely using the word "grant" in the deeds does not transform the deeds into conveying fee title. *See, e.g., Carkuff v. Balmer*, 2011 ND 60, ¶ 14, 795 N.W.2d 303 (holding mere use of the word "grant" in a quit-claim deed was not sufficient to convey after-acquired property rights and mineral interests).

[¶ 9] The Mathews contend the deeds are integrated documents and missing plats do not inject ambiguity into *the type of interest conveyed* by the deeds. They argue the parties' intent is further shown by the eminent domain statute available to the Water District in 1918, which would have only allowed for an easement. N.D. Comp. Laws § 8204 (1913). They argue, in the alternative, that if the deeds are ambiguous, the district court's interpretation of parol evidence is clearly erroneous because the record does not support the court's factual finding that Sargent County only removes acres deeded in fee from the tax rolls and the court did not account for high inflation that occurred from 1914 to 1918 when it compared sales of nearby land in fee.

[¶ 10] In the context of railroad rights of way, this Court addressed the issue of whether purported right-of-way deeds conveyed an easement or an estate in fee in

*EOG Res.*, 2015 ND 187, 867 N.W.2d 308. A majority of the Court stated:

"[T]he specific language of the granting clause of the deed controls the interests the grantor purported to give the grantee." *Waldock v. Amber Harvest Corp.*, 2012 ND 180, ¶ 10, 820 N.W.2d 755. A deed that conveys a strip, piece, parcel, or tract of land generally indicates an intent to convey a fee simple title. *See, e.g., Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 532 (8th Cir.2005); *Elton Schmidt & Sons Farm Co. v. Kneib* [2 Neb.App. 12], 507 N.W.2d 305, 307 (Neb.Ct.App.1993); *see also* 65 Am. Jur. 2d *Railroads* § 45 (2015). A deed that conveys a "right" or "right of way" generally indicates an intent to convey an easement. *See Bockelman*, at 531–32; *Haggart v. United States*, 108 Fed.Cl. 70, 87 (2012) (applying Washington law); *see also Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2005 ND 118, ¶¶ 10–11, 698 N.W.2d 478 (easements grant a right or permission to use or control land for a specific, limited purpose); 65 Am. Jur. 2d *Railroads* § 45 (2015). A deed that limits the use of the parcel to railroad purposes also indicates an intent to convey an easement. *Bockelman*, at 531–32; *Schmitt v. United States*, 203 F.R.D. 387, 399 (S.D.Ind. 2001). "As a general rule, conveyances to railroads that purport to grant and convey a strip, piece, parcel, or tract of 'land,' and do not contain additional language relating to the use or purpose to which the land is to be put, or in other ways cut down or limit, directly or indirectly, the estate conveyed, are usually construed as passing an estate in fee." 65 Am. Jur. 2d *Railroads* § 45 (2015).

*EOG Res.*, at ¶ 24. Regarding use of the phrase "right of way," the Court further explained:

When the phrase [right of way] is included in the granting clause limiting the estate conveyed or specifying the purpose of the grant, courts have often held the use of the language supports finding an easement was conveyed. However, when the phrase is included only in the title or caption of the deed, courts have generally held it is not a significant factor in determining whether the deed conveys an easement or a fee simple interest. Moreover, this Court has said when there is a conflict between provisions of a deed, the specific provision qualifies the general provision, and a caption on a deed is of no effect where the conveyance is clear.

*EOG Res.*, at ¶ 29 (citations and quotation marks omitted). *See also* N.D.C.C. § 47–10–13 ("A fee simple title is presumed to be intended to pass by a grant of real property *unless* it appears from the grant that a lesser estate was intended." (emphasis added)); N.D. Comp. Laws § 5527 (1913).

[¶ 11] In this case, the 1917 and 1918 deeds are captioned "right of way" deeds and state, in relevant part, that the property owners:

> *grant, sell and convey, and forever release* to the people of the County of Sargent, in the State of North Dakota, *right of way* for the laying out, construction and maintenance of a public drain, as the same may be located by the Board of Drain Commissioners, *through* said above described lands, being a strip of land ... [described]. And we hereby release all claims to damages by reason

of the laying out, construction and maintenance thereof through our said lands. (Emphasis added.)

[¶ 12] Although the District argues that the deeds are ambiguous and the district court's findings of fact are not clearly erroneous when it found parol evidence showed the intent was to convey a fee simple interest, based on the Court's decision in *EOG Res.*, 2015 ND 187, 867 N.W.2d 308, we conclude the plain language of the deeds conveys an easement, not an estate in fee. Rather than granting and conveying a strip, piece, parcel, or tract of land, the deeds here explicitly state that they grant a "right of way" through the specified land. Moreover, the deeds specifically limit the purposes of the right of way for the laying out, construction and maintenance of a public drain.

[¶ 13] We conclude as a matter of law that the district court erred in holding an ambiguity existed in the right-of-way deeds and conclude the deeds plainly establish the intent to convey only an easement "through" the described property.

### III

[¶ 14] The district court judgment is reversed.

[¶ 15]   CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.